BENJAMIN H. ELLICOTT, Receiver of RACHEL COLVIN, *vs.* RICHARD C. WARFORD, Adm'r *pendente lite* of RACHEL COLVIN.

After the death of a lunatic, the person who had been her committee was appointed receiver of her estate, by an order of the chancellor, which expressly reserved power to the court to change, modify or annul the same, to discharge the receiver, and pass other orders, &c. Afterwards, an administrator *pendente lite* of the deceased lunatic having been appointed, the chancellor passed an order discharging the receiver, and directing him to account and deliver the personalty to such administrator. HELD, that the receiver has no right to appeal from this order.

The appointment of a receiver does not determine any right, or affect the title of either party in any manner whatever: he is the officer of the court, and his holding is the holding of the court for him from whom the possession was taken.

He is appointed on behalf of all parties, and not of the plaintiff or one defendant only. His appointment is not to oust any party of his right to the possession, but merely to retain it for the benefit of the party ultimately entitled, and when he is ascertained, the receiver will be considered as his receiver.

The case of *Ellicott vs. Ellicott*, 6 G. & J., 35, differs from this in several particulars; there the order, from which the trustee appealed, finally adjudicated the rights of the parties to the fund, the trustee was not removed, and none of the other interested parties themselves appealed.

APPEAL from the Court of Chancery.

The appeal in this case was taken by the appellant from an order of the chancellor, passed on the 19th of April 1853, discharging him as receiver of the estate of Rachel Colvin, a deceased lunatic, and directing him to account for and deliver up the property under his control to the appellee, who had been appointed administrator *pendente lite* of the deceased by the orphans court of Baltimore city. The facts of the case are fully stated in the opinion of this court and in the opinion of the chancellor, (JOHNSON,) accompanying the passage of the order appealed from, which is reported in 3 *Md. Ch. Decisions*, 289. A motion was made by the appellee to dismiss this appeal, upon the grounds stated in the opinion of this court.

This motion to dismiss was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*William Schley* for the motion.

1st. The appeal should be dismissed, because the order appealed from decides no matter of right between the parties. The act of 1835, ch. 346, sec. 3, allows an appeal from an order appointing a receiver, but not from an order discharging him. There is no other act of Assembly bearing upon the subject, and the general principle that an appeal will only lie from orders deciding matters of right between parties must apply. It has been decided that an appeal will not lie from an order requiring money to be brought into court. 3 *G. & J.*, 163, *Richardson vs. Jones.* 7 *Gill*, 307, *Ellicott vs. The U. S. Ins. Co.* 9 *G. & J.*, 164, *Sanderson vs. Alcock.* 4 *Gill*, 38, *Wheeler vs. Stone.*

2nd. Because the appellant has no such title as will enable him to maintain an appeal from this order. He had no *vested right* to be continued in the office of receiver, and no interest in the real or personal estate of the deceased, so as to complain of the order directing him to deliver the property to the appellee. He is the mere officer of the court, bound to obey its orders. He is no party to the suit, but appointed outside of the case, because he was deemed a safe hand in which to entrust the property, for the purpose of preserving it until the proper party authorised to receive should be appointed. 7 *Gill*, 307, *Ellicott vs. The U. S. Co.*

*Henry Winter Davis* against the motion.

1st. Ellicott was the committee when he filed his petition upon the death of the lunatic to have a receiver appointed. Cain and others also filed a petition for the same purpose, and upon *their petition* Ellicott was appointed receiver. Warford was then appointed administrator *pendente lite* by the orphans court. His rights by this appointment were confined to personalty, but from this appointment an appeal was taken, and if properly taken, it suspended his rights even over the

11      v.4

personalty.   He then filed a petition for the discharge of the
receiver and the delivery over of the property to him.   The
Cains appear and answer this petition, and the chancellor
discharged the receiver, and directed the property to be de-
livered over to the party who, we say, has no authority to
receive it.   From such an order it is said we have no right
to appeal.   It is not an order removing one receiver and ap-
pointing another, but an order refusing the whole relief prayed
for in the petition.   The injury in case of refusal to appoint a
receiver, and after he is appointed to discharge him, is the
same.   The whole tenor of legislation on this subject is in
favor of an appeal in such cases.   The argument on the other
side goes the length of saying that there is no appeal from an
order in any case discharging a receiver.   But the order in
this case goes further, for it directs the delivery of property
from one party to another—a change of possession—which is
of itself a subject matter of appeal.   In England there would
be no doubt but an appeal would lie—it would be a decretal
order.   The learned counsel then proceeded to review the
various acts of Assembly of this State relating to appeals, and
contended that the right of appeal did exist, either upon gen-
eral principles regulating this subject, or by implication from
the various acts in relation thereto, or from the general scope
and spirit embodied in them as a whole.

2nd.   I admit that the receiver cannot appeal for his own
interest, but he can maintain an appeal for the benefit of other
parties interested.   The case is similar to that of *Ellicott vs.
Ellicott,* 6 *G. & J.,* 35, where a trustee was allowed to appeal
for the benefit of those interested in the fund.

*Reverdy Johnson* for the motion, in reply.

1st.   The order appealed from revoked the order appointing
Ellicott, and directed him to hand over the personal estate to
Warford, the administrator *pendente lite.*   Ellicott refused to
do this, and an attachment was applied for, and in that appli-
cation the chancellor delivered an opinion, in which he decides
that an appeal will not lie from his order revoking the order

Ellicott *vs.* Warford.

appointing the receiver, both because the order itself was not the subject of an appeal, and because the receiver himself could not appeal. 3 *Md. Ch. Decisions,* 300.

But this is not an order from which any appeal will lie by anybody. In the absence of statutory provisions, the refusal to appoint a receiver is not a subject of appeal: it is merely a matter of discretion in the court below. The refusal to appoint the receiver settles nothing as to the controversy during which he is asked to be appointed. An appeal in such a case has never been heard of. The appointment of receivers was sometimes injurious, hence the act of 1835, ch. 380, gave the right of appeal from orders appointing them, but it gave none from orders *refusing* to appoint. The same was the case in reference to injunctions, see *act of* 1832, *ch.* 197. It is very clear, therefore, that if this had been an order refusing to appoint, no appeal would lie, and does it not necessarily follow that none will lie from an order rescinding the appointment?

2nd. It is admitted that Ellicott has no right to appeal on account of any interest he has in the property, but it is said that he has a right to appeal, because he was appointed at the instance of Cain and others. This is something new, for Ellicott is not *their* receiver. When appointed he is the officer of the court, holding for the parties entitled.

ECCLESTON, J., delivered the opinion of this court.

Upon the motion to dismiss in this case, it was contended that the motion should be sustained on two grounds.

1st. Because the order of the 19th of April 1853, removing the receiver and directing him to deliver up the property under his control was such an order as could not be appealed from.

2nd. If it could the receiver was not a party having the right to appeal.

Believing the motion ought to be sustained on the second ground, we shall confine our remarks to that, exclusively.

In the lifetime of Rachel Colvin, by virtue of proceedings in chancery, B. H. Ellicott was appointed a committee for her as a lunatic.

After her decease, considering his control and authority over her property at an end, he filed a petition praying the chancellor to appoint him as receiver.

Joseph Cain, Richard Cain, Mary Laruc, and Daniel her husband, Elisha Warford, Anne Hudnutt, John Cain of Gershom, and John Cain of Daniel, also filed a petition representing themselves as among the next of kin, and heirs at law of Rachel Colvin ; that she had died leaving a will, the probat of which was disputed, and asking for the appointment of B. H. Ellicott as a receiver, to take possession of the real and personal property " until some one having right to the same shall appear to whom it can be delivered, or until the further order of the court."

On these petitions the chancellor passed an order dated the 9th of February 1853, appointing Ellicott the receiver ; but expressly reserving to the court, power to *change, modify or annul* the order, to *discharge the receiver* and to pass such orders and decrees in the premises, as might be deemed necessary and proper.

Subsequently R. C. Warford filed a petition stating that he had been appointed administrator *pendente lite* of Rachel Colvin, by the orphans court of Baltimore city, and praying that the chancellor would revoke the appointment of the receiver, and direct the personal property to be delivered over to the petitioner. This application not only asked for a revocation of the receiver's authority in regard to the personalty, but to the realty likewise ; the petitioner stating that in the event of such revocation it was his intention to apply, immediately, to the Superior Court of Baltimore city, to be appointed receiver of the estate. Among the reasons assigned for such revocation, he states that he is not only appointed the executor of Rachel Colvin in her will, but that he is also the principal legatee and devisee.

Jesse H. Landis, Rebecca Landis, Mary Quick and Theophilus Quick her husband Elizabeth Large and James Large her husband, likewise presented a petition, alleging that they were the heirs at law of Rachel Colvin, and so far as they knew her only heirs at law. They also prayed that the appointment of Ellicott as receiver might be revoked,

and asked for the appointment of one of their solicitors or some other proper person in his place, until the controversy should be ended.

On the 19th of April 1853, the chancellor passed an order removing B. H. Ellicott from the office of receiver, and directing him to make a report, rendering an account of the property and money which came to his hands, and to deliver over to the adminstrator *pendente lite*, the personal estate of the deceased. From this order the appeal is taken.

In deciding the question as to the right of the receiver to appeal, it is proper to ascertain what is the nature of his office. It is defined in sundry quotations, in the case of *Ellicott vs. The U. S. Insurance Co.*, 7 *Gill*, 320. From which it appears the appointment of a receiver does not determine any right, or affect the title of either party, in any manner whatever. He is the officer of the court ; and truly the hand of the court. His holding is the holding of the court from him from whom the possession was taken. He is appointed on behalf of all parties, and not of the plaintiff or of one defendant only. His appointment is not to oust any party of his right to the possession of the property, but merely to retain it for the benefit of the party who may, ultimately, appear to be entitled to it ; and when that is ascertained the receiver will be considered as his receiver.

It was conceded, in argument, on the part of the appellant, that he could not appeal in his own right, but it was said he could do so as representing the parties interested. How can this be true ? He was as much the representative of the administrator *pendente lite* as any one else. The possession of the property did not come to him from any of the litigant parties. There had been no final adjudication as to whom the property belonged ; so as to constitute him the receiver for the persons in whose favor such decision was made, thereby authorising him to represent them in particular. But the only action of the court being that which removed him from office, and ordered the personalty to be delivered over to the administrator *pendente lite*, if the receiver could be considered more the representative of one than another, the administrator was that one.

As regards Ellicott, personally, he is not injured, for we have seen that he took the appointment, under an order reserving, in express terms, full power in the court, to change, modify or annul the same, and to discharge him as receiver. His counsel, therefore, might well concede he could not appeal, so far as his own rights are concerned.

To sustain the right of appeal the case of *Ellicott vs. Ellicott,* 6 *G. & J.,* 35, was referred to, where a trustee under a decree in chancery was allowed to appeal, for the benefit of those interested in the fund. That case differs from this in several particulars. There the order directed the fund to be applied in a certain way, by which the rights of parties were to be most materially affected, indeed finally adjudicated. The trustee was not removed from office, but was still the trustee. And none of the interested parties, themselves, appealed from the same order. Here the decision did not profess, or attempt, to settle any question as to the right of property. But the receiver was removed or dismissed, and when the appeal was taken he was *functus officio.* And sundry persons, professing to be parties in interest, have appealed from the same order, now under consideration. They are the same persons on whose petition, in part, the original order of the 9th of February, appointing Ellicott as receiver, was passed ; and who also filed a petition praying that the receiver should not be removed. It will be seen that the two last mentioned petitions, as well as all others which have been spoken of, were filed in the same original cause in chancery, relating to the matter of Rachel Colvin, a lunatic. The ground of necessity, therefore, cannot be relied upon as furnishing an argument in favor of allowing the dismissed receiver to appeal, for the purpose of protecting the rights of parties, in interest, for there is an appeal independent of his.

We have refrained from saying anything in reference to the first ground taken in support of this motion, because we wish to avoid interfering in any manner with questions which may probably arise in the other appeal. But on the second ground the present motion will be sustained.

*Appeal dismissed.*