(Decided 17th June, 1891.)

CECIL RIEMAN *vs.* HENRY C. WAGNER and JAMES V. WAGNER, Trustees.

*Adverse possession.*

The exclusive and uninterrupted enjoyment and receipt of a ground rent for nearly forty years, together with the holding during all that period a deed of the reversion, suffice to give a good title—one upon which recovery could be had in ejectment.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, IRVING, BRYAN, McSHERRY, and BRISCOE, J.

*George R. Willis*, (with whom was *Byron Reynolds*, on the brief,) for the appellant.

*William H. Dawson,* for the appellees.

MILLER, J., delivered the opinion of the Court.

This appeal is from an order overruling exceptions to, and ratifying, a trustee's sale of a certain ground-rent and lot in the City of Baltimore.

The sale was made in June, 1890, under a decree of the Circuit Court of Baltimore City, passed on the 13th day of May, 1890, and it is conceded the Court had jurisdiction, upon the allegations of the bill, to pass that decree. The purchaser filed exceptions to the ratification of the sale, and the only one relied on is to the effect that in the chain of title to this ground-rent, or annuity (and the lot of ground out of which it issues) is a deed from George Gordon Belt, to the Trustees of the Poor of Baltimore City and County, dated June 2nd, 1843, wherein the said Belt, trustee, professes to act in pursuance of a decree of the High Court of Chancery of Maryland, passed on the 22nd of July, 1842, in a cause therein pending, between the said George Gordon Belt as complainant and George Winchester as respondent, but the records of said Court do not show that the sale was ever reported to or ratified by the Court.

The case was submitted to the Court below upon an agreed statement of facts, from which, and from the admissions of counsel made in argument at bar, we find the following state of case : Besides the facts stated in the exception, we find that Belt by that deed conveyed this lot with other property to the Trustees of the Poor; that the deed was duly recorded, and *recites* that the sale was duly reported to and ratified by the Court ; that the papers and proceedings in the cause do not appear to have been recorded among the chancery records of that Court, and the docket entries in the case do not show the filing of a report of sale or the ratification thereof ; that the papers in the cause are not to be found, and the

docket entries show the filing of a bill, an answer by the defendant, the passage of a decree, and nothing more; and that the cause in chancery was a proceeding for the *foreclosure of a mortgage.* It is also shown that the Trustees of the Poor, on the 24th of August, 1847, conveyed in fee simple by deed duly recorded, several lots of ground, including the one in question, to Mathias Benzinger and John Eschbach ; that Benzinger and Eschbach demised and leased this lot to William Schwartz, on the 27th of April, 1850, by a lease duly recorded, for ninety-nine years renewable forever ; that this lease contained the usual covenants, clauses, and conditions then used in such leases in the City of Baltimore, and a condition that the rent must be demanded before it can be collected, distrained for, or re-entry made ; that on the 10th of June, 1851, Benzinger and Eschbach granted by deed duly recorded, the fee and reversion, and the annual rent issuing out of this lot, to James V. Wagner ; that under this conveyance Wagner went into possession of said rent, and the tenants under said lease have attorned and paid the rent to him, and his descendants, the parties to this suit, continuously from the date of that deed to the time of the sale in this cause, a period of *nearly forty years.*

In view of the recitals in the Belt deed, the lapse of time, and the other circumstances of the case, we do not think the loss of the equity papers, would make the title bad, even if it depended on that deed alone. But apart from all other considerations the fact that James V. Wagner and his descendants have been in the exclusive and uninterrupted enjoyment and receipt of the rents for nearly forty years, while they have also held during all this period, a deed of the reversion, is sufficient to give them a good title—one upon which they could recover in ejectment.

*Order affirmed, and*
*cause remanded.*

(Decided 17th June, 1891.)