HOUSTON OIL CO. OF TEXAS v. JENKINS et al.

(Circuit Court of Appeals, Fifth Circuit. October 4, 1910.)

No. 1,995.

ADVERSE POSSESSION (§ 97*) — TEXAS STATUTE — ACQUISITION OF TITLE BY SQUATTER—AMOUNT OF LAND.

Under Rev. St. Tex. 1895, arts. 3343, 3344, 3347–3349, which give a squatter an absolute title to not exceeding 160 acres of land by 10 years' undisturbed occupancy and cultivation of a part, as construed by the Supreme Court of the state, in order to give an occupant, without any written title or claim describing the land, who has actually occupied and used but a few acres, title to a larger quantity by prescription, it must appear that he claimed certain designated land, and it is not sufficient that he claimed generally 160 acres out of a larger tract.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 537–541; Dec. Dig. § 97.*]

Appeal from the Circuit Court of the United States for the Southern District of Texas.

Ancillary bill in equity by the Houston Oil Company of Texas, by its receiver, against Oliver Jenkins, Philander Samuels, Earl Samuels, and others. From a decree in favor of the defendants named, complainant appeals. Modified.

H. O. Head and T. M. Kennerly, for appellant.

W. D. Gordon and B. E. Moore, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

FOSTER, District Judge. In this case the receiver of the Houston Oil Company of Texas brought suit by ancillary bill against Oliver Jenkins, Philander Samuels, Earl Samuels, and some 11 others, to establish title in said company to 1,107 acres of land in Newton county, Tex., described as "the third one-quarter from the north of the Richard Linville league."

We are concerned only with the case as between complainant and the three above-named defendants. They answered separately, denying title in the Houston Oil Company of Texas, and each asserting his ownership of 160 acres of the land in question, under the laws of Texas, by virtue of 10 years' adverse possession.

The special master found the title to all the land to be in the Houston Oil Company of Texas, and denied the claims of said defendants. On the hearing of the exceptions to the master's report, the court confirmed his finding as to the title of the oil company, but allowed said defendants' claims to 160 acres each, and directed the receiver to convey that amount of land to them. From that portion of the judgment the receiver prosecutes this appeal.

It is well settled that under the laws of Texas (Rev. St. Tex. 1895, arts. 3343, 3344, 3347–3349) a squatter obtains absolute title to not exceeding 160 acres of land by 10 years' undisturbed occupancy and cultivation of a part, provided he first designates the tract he intends to appropriate and makes known his intention to acquire it as owner. The courts have required but slight evidence of intention, but have always insisted that it be positive, and they have confined the construction of the statute to the facts in each case. See Bracken v. Jones, 63 Tex. 184. In that case the court said:

"Possession, to be of any value to vest a right or for a remedy, must be actual, continued, visible, notorious, distinct, and hostile. It must be fair and open, as the statute was not made to serve the purpose of artifice and trick."

In Lewis v. Dillingham, 167 Fed. 779, 93 C. C. A. 267, this court said:

"When an adverse possessor holds land, without any written title or claim describing it, he must show, to bar the action of the true owner, that he claims certain designated land. To claim 160 acres in a survey of 1,280 acres, without in any way designating which 160 acres is claimed, would not be sufficient."

In this case the said defendants undoubtedly went upon the land in question more than 10 years before suit was instituted. Each built himself a home and fenced in and cultivated a few acres. Each of them has testified that he always claimed 160 acres of the Linville tract; but until December, 1905, less than a year before the bill was filed against them, there was no effort on the part of any of them to mark the boundaries or designate in any way the particular 160 acres each claimed. Until about the time they had the land surveyed, they paid no taxes; and it is significant that they instructed the surveyor to run the lines so as to give each of them 160 acres and not interfere with the claims of each other.

We do not think the said defendants have shown they are entitled to more than the few acres actually fenced in. That part of the judgment appealed from allotting the defendants 160 acres each is reversed, and the case is remanded, with instructions to enter a decree allotting to each of said defendants the amount of land actually fenced in and cultivated by him for 10 years prior to suit, together with his improvements. The costs of this court, except docket fees, to be paid by appellant.