HOUSTON OIL CO. OF TEXAS et al. v. DOWDEN et al.

(Circuit Court of Appeals, Fifth Circuit. February 4, 1913.)

No. 2,322.

1. ADVERSE POSSESSION (§ 45*)—SUSPENSION OF STATUTE OF LIMITATIONS— EFFECT OF APPOINTMENT OF RECEIVER.

The appointment of a receiver for a corporation puts him in possession only of such property of the corporation as is at the time in its actual or constructive possession, and does not interrupt the running of the statute of limitations in favor of an adverse claimant and occupant of land, the legal title to which is in the corporation, or change his status or rights in any way, either as to the portion of the land in his actual occupancy or the remainder of the tract claimed, as to which his possession is constructive.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 232–254; Dec. Dig. § 45.*]

2. ADVERSE POSSESSION (§ 43*)—INTERRUPTION OF POSSESSION—SEVERANCE OF TITLE.

Where an adverse claimant of a tract of land in actual occupancy of a portion of it only, before his possession had ripened into title by prescription, sold and conveyed a part of that not so occupied, his subsequent possession of the remainder did not inure to the benefit of his grantee.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 213–225; Dec. Dig. § 43.*]

3. ADVERSE POSSESSION (§ 114*)—TEXAS STATUTE—ACQUISITION OF TITLE BY SQUATTER—INDEFINITENESS OF CLAIM.

A claim in an answer of title by prescription to a specific 160 acres of land described by metes and bounds, under Rev. St. Tex. 1895, arts. 3343, 3344, 3347–3349, which give a squatter an absolute title to not exceeding 160 acres by 10 years' undisturbed occupancy and cultivation of a part of such land, is not sustained by evidence which shows that for a part of the necessary 10 years during which defendant's predecessor in interest actually occupied but a small area he claimed only an undefined 160 acres out of a larger tract, and not the specific tract described in his answer.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 682–690; Dec. Dig. § 114.*]

Shelby, C. J., dissenting in part.

Appeal from the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Ancillary bill in equity by receiver of the Houston Oil Company of Texas against L. S. Duff and wife, C. J. Gerlach & Bro., and Frank

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Dowden and wife, to quiet title to land. Decree for defendants, and the receiver appeals. Reversed in part.

This proceeding was an ancillary bill filed by the receiver of the Houston Oil Company in the equity cause in which he was originally appointed, against three adverse claimants, L. S. Duff and wife, C. J. Gerlach & Bro., and Frank Dowden and wife, to lands claimed by the Houston Oil Company, of which claimants were or claimed to be in possession and which were a portion of what is designated the "Gunderman survey." The purpose of the ancillary bill was to have the title of the Houston Oil Company to the lands involved quieted as against the claims of the defendants to it and to be put in possession of them. The claimants Duff and Gerlach & Bro. answered the bill, setting up title to 160 acres of land in the Gunderman survey, described in their answers by metes and bounds, of which 160 acres Gerlach & Bro. claimed two forties by purchase from Duff's predecessor in possession. The claimant Dowden also answered, claiming a portion of the Gunderman survey, described by metes and bounds in his answer. All the claimants relied entirely upon adverse possession for 10 years to sustain their respective claims; the legal title, in the absence of title by adverse possession in claimants, being without dispute in the interveners. The only issue presented in the court below was the right of the claimants to the portions of the Gunderman survey claimed by them and specifically described by metes and bounds in their respective answers by adverse possession of 10 years, under claim to a specific 160 acres of that survey, with actual occupancy of a less portion for the requisite length of time.

H. O. Head, of Sherman, Tex., and T. M. Kennerly, of Houston, Tex., for appellants.

John B. Warren, of Houston, Tex., and V. A. Collins, of Beaumont, Tex., for appellees Frank Dowden and S. A. Dowden.

C. L. Carter, of Houston, Tex. (Baker, Botts, Parker & Garwood, of counsel), for appellee C. J. Gerlach & Bro.

Jacob C. Baldwin, of Houston, Tex., for appellees L. S. Duff and M. D. Duff.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge (after stating the facts as above). The facts bearing upon the Duff and Gerlach & Bro. claims make it appropriate to consider these two cases together.

Possession of part of the 160 acres, 80 of which was claimed by Duff and 80 of which was claimed by Gerlach & Bro., may be traced back as early as 1890 to those under whom both claimants deraign their claim of title. However, the record shows no claim on the part of those who occupied such parts of the Gunderman survey and with whom the two claimants connect their possession and claim, to any specific 160 acres of that survey which, in the aggregate, consisted of 640 acres, until after November 19, 1895, when one C. K. Withers had the 160 acres surveyed. From that date the evidence tends to show a claim on the part of Withers and his successors to the specific 160 acres which he had caused to be run out and which is the same 160 acres which is specifically described by metes and bounds in the two answers of the claimants. The actual occupancy by inclosure and cultivation, as concerns all the previous occupants and claimants, was

restricted to a very small area of the 160 acres now claimed, though the evidence tends to show that during the whole period of occupancy from 1890 on an undefined 160 acres out of the 640 in the Gunderman survey was actually claimed by various occupants and that the present claimants' improvements were upon a part of it. From November 9, 1895, we think the evidence established that Withers and his successors in possession and claim, while occupying only a small part of the 160 acres, actually claimed that entire quantity, and according to the specific boundaries of the survey which Withers caused to be made at that time. The possession of Withers, whether adverse to the land before November, 1895, or a claim to the improvements on the land only, as is contended by appellants, evidently became adverse both to the land and improvements after the survey. The intervention was not filed until the year 1907, so that, if Withers and his successors remained in continuous possession from November, 1895, until the suit was brought, the necessary 10 years has elapsed, and the character of Withers' prior possession, so far as Duff's claim is concerned, becomes immaterial. The possession of J. E. Duff, who claimed the land from June 9, 1900, to December 8, 1902, is also attacked by appellants. During this period J. E. Duff did not occupy the land in person, but, living remote from it, left it in charge of one Mrs. Sumrall, who cultivated a patch upon it each of the two years, lived adjoining it, and exercised other acts of possession upon it. Until the latter part of this period there was a house on the land, which burned in 1902 and was not rebuilt until after December of that year. We do not think that there was any such interruption of the possession during this time as would defeat appellee's title, if otherwise made out.

[1] It is contended that the appointment of receivers in the original cause worked an interruption of the possession of appellee's predecessors to all but the part of the land in their actual occupancy and under inclosure at the time of such appointment. The effect of the order of the court appointing the receivers was to put in their possession all property which was in the possession, actual or constructive, of the Houston Oil Company and to which it had title. This would not include property in the adverse possession of claimants at the time of the appointment and to which title by such adverse possession had not then ripened, since such property could not be said to be in the possession of the corporation. This is conceded to be the status of the property actually possessed by adverse claimants. We think it equally true that property in the constructive possession of an adverse claimant, though title to it has not become complete in such claimant, could not pass to the possession of the receivers under the order of their appointment, the effect of which was to vest them with possession of only such property as was in the possession of the defendants at the time the order was made; since, though the legal title to such property might have been in the corporation, it had neither actual nor constructive possession of such property. The constructive possession which usually attends the legal title was displaced by the constructive possession of the adverse claimant as against the receivers just as it would be as against the corporation which they represent.

The receivership interrupts the running of the statute only as to property of the corporation, which is not at the time of the seizure in the adverse possession, actual or constructive, of another. Property of the latter character can only be taken out of the possession of the adverse possessor and into that of the court, through its receivers, by adversary proceedings against such adverse possessor. The possession of L. S. Duff of the land claimed under the specific boundaries set out in his answer continued from November 19, 1895, till 1907—twelve years—without interruption. We therefore conclude that the land claimed by him was correctly allotted to him by the court below.

[2] Coming to the claim of C. J. Gerlach & Bro., the land claimed by them was part of the 160 acres claimed by L. S. Duff, which was purchased by them from the two Murphys in the fall of 1903, who in turn had purchased also in the fall of 1903 from L. S. Duff. The record fails to show that either the Murphys or C. J. Gerlach & Bro. ever entered into possession of the two forties so purchased by them after their purchases. The facts as to possession with reference to the claim of C. J. Gerlach & Bro. are identical with those relating to the claim of L. S. Duff up to the time of the sale by Duff to the two Murphys of the two forties afterward conveyed to C. J. Gerlach & Bro. From that time the two claims are to be differentiated in that L. S. Duff remained in possession of the balance of the 160-acre tract not conveyed by him, and there was no subsequent possession of the two forties which he so conveyed. The severance of the title to the two forties in the fall of 1903 prevented L. S. Duff's subsequent possession of the 80 not conveyed from thereafter inuring to the owners of the two forties which he did convey.

[3] So that the adverse possession of these two forties stops with the conveyance which severs their title from the balance of the 160 retained by L. S. Duff and which occurred in the fall of 1903. Ten years had not then elapsed since the survey of Withers in November, 1895. Conceding the possession of J. E. Duff through Mrs. Sumrall from 1900 till 1902 to have been sufficient to continue the running of the statute and that the receivership did not interrupt its running until the receiver filed his ancillary bill in 1907, the elapsed time was still less than the required statutory period. If title by adverse possession in C. J. Gerlach & Bro. exists, it is only by virtue of the possession of their predecessors prior to the survey of C. K. Withers in November, 1895. If Withers, while in possession up to the time of the survey, claimed the improvements only and not the land itself, then the claim of Gerlach & Bro. must fail in any event. In the event that Withers' possession be found to be adverse to the land from its inception, the question as to the character and sufficiency of the prior possession then becomes material upon the claim of Gerlach & Bro. It is quite clear from the record that prior to the Withers survey, while the occupants claimed an undefined 160 acres of the Gunderman survey of 640 acres, in connection with actual possession of a small area, there was no claim of the specific 160 acres described in the answer of C. J. Gerlach & Bro., and the record does not support the contention of appellee Gerlach & Bro. that their predecessors had been in possession of the 160

acres described in their answer, claiming that specific 160 acres adversely to the holder of the legal title, at any time prior to the Withers survey in November, 1895.

Upon the authority of the cases of Lewis v. Dillingham, 167 Fed. 779, 93 C. C. A. 267, Houston Oil Co. v. Jenkins, 182 Fed. 489, 104 C. C. A. 595, Houston Oil Co. v. Farr, 182 Fed. 491, 104 C. C. A. 597, Bracken v. Jones, 63 Tex. 184, and Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209, construing articles 3343, 3344, 3347, 3348, and 3349 of the Revised Statutes of Texas, 1895, we think the appellee C. J. Gerlach & Bro. failed to establish title to the 80 acres described in their answer by evidence showing that they and their predecessors had been in possession of that 160 acres described in their answer, of which the two forties claimed were a part, claiming the specific lands so described for a period of 10 years adversely to the true owner, and that the court erred in awarding it to them upon this theory, which was the only one presented on their behalf on the trial of the cause in the court below, either by pleading or proof.

In reaching this conclusion, we have not overlooked the construction given to the sections of the Texas Revised Statutes by a line of cases (Davis v. Houston Oil Co., 50 Tex. Civ. App. 597, 111 S. W. 219, and other cases), which hold that the occupancy of a small area, in connection with a claim to an undefined 160 acres of a larger survey, may entitle the occupant to the entire 160 acres, where the land is described in the pleadings and is asked to be awarded the occupant, not upon the idea that he has claimed that specific tract during the required period of limitation, but upon the idea that, though claiming without boundaries during the period of limitation, the statute entitles him to a location of the 160 acres in the larger survey in an equitable manner. This presents an issue as to whether the location contended for by the occupant is in fact an equitable one. The holder of the legal title and the adverse occupant are upon this theory considered to be quasi tenants in common, and each is entitled to be heard upon the question of what constitutes an equitable partition as between them. In the cases of Lewis v. Dillingham and Houston Oil Company v. Jenkins and Farr, supra, the pleadings presented no such issue, and they are to be distinguished from the line of cases last mentioned in this respect and were correctly ruled for that reason.

If the occupant, in his pleadings, relies exclusively upon a showing of adverse possession of 10 years under claim of a specific tract identified by metes and bounds, no issue as to tenancy in common of the entire survey as between him and the owner of the legal title is presented. If the parties, in spite of this condition of the pleadings, actually litigate this issue upon the trial, and the court allots the occupant his 160 acres after a hearing of the issue as to what is an equitable partition as between the parties, no injury could result therefrom. In this case the issue, as to what was a proper partition, was not only not presented by the pleadings, but was not entered upon by the parties or considered by the court upon the trial, and the land could only have been awarded appellees upon the other theory that a claim to the specific land described in the answers by boundaries during the entire

statutory period of limitation had been established by the proof. It may be that the allotment of the two forties described in their answers to appellees constitutes an equitable partition as between them, the other adverse claimants, and the holder of the legal title, and, in that event, no injury has resulted to appellants. In the absence from the record of proof to this effect, and in the absence of a showing that an opportunity was offorded the appellants to be heard upon that question, we cannot indulge in the presumption that no injury resulted. Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209; Louisiana & Texas Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110; Louisiana & Texas Co. v. Stewart (Tex. Civ. App.) 130 S. W. 200.

Coming to the claim of Frank Dowden, we encounter the same difficulty in affirming the decree. Until the Withers survey, it is clear that Holmes, Dowden's predecessor in possession, claimed only an indefinite 160 acres in the southeast corner of the Gunderman survey of 640 acres. His house was in the adjoining Francis Kriner survey. The field, through the inclosure and cultivation of which he is said to have claimed 160 acres in the Gunderman survey, occupied partly the Kriner survey, partly the Texas & New Orleans section No. 1, partly the Gunderman survey, and encroached over Duff's east line as laid off by the Withers survey. Holmes claimed no specific 160 acres certainly before that survey. After it, the evidence tends to show that he claimed the east line of the Duff tract, as run by the Withers survey, as his west line, and Village creek as his south line. He never claimed under any definite north and east boundaries. The Withers line did not extend as far north as the Richardson tract, to which the Dowden tract was laid off by the decree in this case. The Withers survey, consequently, established only a part of Dowden's west line. We are unable to see from the evidence that even after the Withers survey Holmes claimed any specific 160 acres by definite boundaries— certainly not the land described in his answer, which was only 90 acres and was not in the southeast corner of the survey. As it turned out, there was no such quantity of land to be found subject to his claim in the Gunderman survey, and the court, accordingly, allowed him only 90 acres in a strip, across the east side of the survey, instead of 160 acres in the southeast corner. As in the case of Gerlach & Bro., we think Dowden failed to establish from the evidence that he and his predecessors claimed a specific 160 acres, during the statutory period, as distinguished from a floating 160 acres out of the larger survey. As in the Gerlach case, no issue was presented or litigated in the court below as to the right of Dowden to have partitioned to him an undefined 160 acres or any part of it. We think the appellants were entitled to be heard upon the equitable character of any partition made between it and Dowden, and, it not appearing from the record that it was given an opportunity to be heard upon that issue, we cannot assume that the allotment made to Dowden was equitable between him and the appellant, or that no injury resulted to appellant from being deprived of the chance to be heard upon the partition which resulted in the allotment to Dowden of the land de-

scribed in his answer. This conclusion necessarily results in a reversal of the decree of the court below upon the claim of Dowden.

As to L. S. Duff and wife, the decree is affirmed, with costs. As to C. J. Gerlach & Bro., the decree is reversed, and the appellee taxed with the costs of the appeal, and the cause remanded, with directions that a decree be entered in favor of the intervener for the two forties described in the answer of the claimant, unless the answer is amended, upon leave granted, so as to present properly the issue based upon an undefined claim to 160 acres, and, in that event, that further proceedings be had in conformity with this opinion. As to Frank Dowden and S. A. Dowden, the decree is also reversed and appellees taxed with the costs of appeal, and the cause remanded, with directions that a decree be entered in favor of Frank Dowden and S. A. Dowden for that portion of the land allotted to them by the former decree which was inclosed under fence and in the actual possession of claimants when the suit was commenced, unless the answer of claimants is amended, upon leave granted, so as to properly present the issue based upon an undefined claim to 160 acres, and, in that event, that further proceedings be had in conformity with this opinion. The costs on appeal are to be taxed equally between the Houston Oil Company, appellant, C. J. Gerlach & Bro., appellees, and Frank Dowden and S. A. Dowden, appellees.

SHELBY, Circuit Judge (dissenting in part). I concur in the affirmance of the decree in favor of L. S. Duff and wife. I dissent from the reversal of the decree in favor of C. J. Gerlach & Bro., and I dissent from the reversal of the decree in favor of Frank Dowden and S. A. Dowden. I think the record shows that, if the pleadings had been framed as suggested in the opinion of the majority, the result should have been the same. The parties, in my opinion, according to the evidence in the record, are entitled to the lands allotted to them respectively, and I find nothing inequitable in the decrees. I am of the opinion that they should all be affirmed.