# F. CONRAD STOLL

*vs.*

## FRANCIS SMITH, JAMES CLINTON MEWSHAW AND DESSIE ESTELLE MEWSHAW, His Wife.

*Trusts: title by adverse possession in trustee, invalid.*

Adverse possession sufficient to bar the legal estate of a trustee is sufficient to bar the equitable estate of the *cestuis que trust.*
                                                             p. 165

The same principle applies, whether the trustee is one appointed by deed or by a court of equity.            p. 166

*Decided June 23rd, 1916.*

Appeal from the Circuit Court for Anne Arundel County. In Equity.   (Brashears, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Thomas, Urner, Stockbridge and Constable, JJ.

*Thos. Burling Hull,* for the appellant.

*D. List Warner* (with whom were *Benson & Karr* and *John D. Nock* on the brief), for the appellees.

Stockbridge, J., delivered the opinion of the Court.

By the bill of complaint in this case the Court was asked to specifically enforce a contract of sale for two acres of land in Anne Arundel County. The defendant answered and set up as the ground for defense that the appellees could not convey a good and merchantable title.

The land in question was part of a larger tract of twenty acres. This had been sold in December, 1830, by William Legg as trustee under a decree of a Court of Chancery to the predecessor in title of the vendors in the contract of sale, the appellees here, and he and his heirs have been in actual, continuous and exclusive possession of the property since that time, a period of more than eighty years.

The sale made by Legg, trustee, was duly reported to the Circuit Court for Anne Arundel County, and an order of ratification *nisi* duly passed. The docket entries of that Court do not show any final ratification of the sale, and the proposed vendee under the contract refuses to carry out the sale, alleging this defect as a sufficient reason.

It is not understood as denied that if the sale of 1830 had been between individuals, the title of the appellees would be good by adverse possession, but it is urged that because of the fiduciary character in which Legg was acting when he made the sale, a different rule applies, and that no limitations can run as against a trustee. The case of *Sharp St. Station* v. *Rother,* 83 Md. 294, is relied on as sustaining this position.

That case differs from the present in one important particular, which at once distinguishes it, namely there was nothing to show the conditions under which the church entered into possession of the property, and whether or not there was a reverter if the lot was used for other than the purposes specified in the deed.

While at one time the objection now urged on behalf of the appellants would have been a valid one, the contrary has been the accepted rule ever since the decision of LORD HARD-WICKE, in *Llewellin* v. *Mackworth,* 2 Equity Cases Abridged, 579, and it has been held that an adverse possession sufficient to bar the legal estate of a trustee was also sufficient to bar the equitable estate of a *cestui que trust.* In some States this has been regulated by statute, while in others the same result has been reached by the Courts independent of any statute. A good example of the latter class is *Snyder* v. *Snover,* 56 N. J. L. 20. Certain land had been conveyed to

six trustees for the purpose of erecting a church with restrictions against permitting any other use of it. The original trustees and their successors had held the land for the purposes of the trust for many years, when a dispute arose with Snover over a right of way which he was using across a portion of the land, and which he claimed to have become entitled by prescription. In deciding the case the Court said: "A stranger may by adverse possession against a trustee for the requisite period of time bar both the legal estate of the trustee and the equitable estate of the *cestui que trust.*" The same doctrine has been fully recognized in this State in a very careful and thorough opinion by JUDGE ALVEY, in *Crook* v. *Glenn,* 30 Md. 55, and again acted on in the case of *Love* v. *Rogers,* 118 Md. 525.

It has been suggested by the appellants that a distinction is to be made between a trustee appointed by a Court of Chancery and one appointed by a deed, and a different rule applied in one case than in the other.

It is sufficient to say in regard to this that none of the adjudicated cases draw any such distinction, and no sufficient reason appears why a different standard should be applied in one case than in the other.

The case of *Rieman* v. *Wagner,* 74 Md. 478, presents many points of similarity to the present case, and while the turning point in that case was the effect upon the title to land of a lost and unrecorded paper, there is much in the language of JUDGE MILLER which is applicable to the present controversy.

Without encumbering this opinion with a repetition of what was there so well said, it is the conclusion of this Court that the eighty odd years of actual, open, continuous and exclusive possession of the tract, of which the land now in controversy is a part, has given to the appellees a good title thereto, and that the decree appealed from should be affirmed.

*Decree affirmed, with costs.*