## ROACH et al. v. UNITED STATES.
### No. 3160.

Circuit Court of Appeals, Fourth Circuit.

July 3, 1931.

Lester S. Parsons, of Norfolk, Va. (Venable, Miller, Pilcher & Parsons, of Norfolk, Va., John W. Price, of Washington, D. C., and Lewis G. Hansen, of Jersey City, N. J., on the brief), for appellants.

Alvah H. Martin, Asst. U. S. Atty., of Norfolk, Va., and Robert H. Talley, U. S. Atty., of Richmond, Va., for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

The appellants were indicted in the court below under a bill of indictment containing two counts. The first of these charged a conspiracy under section 37 of the Penal Code (18 USCA § 88) to import, transport, and possess intoxicating liquors in violation of the National Prohibition Act. The second charged a conspiracy to violate the provisions of the Tariff Act of 1930 by bringing intoxicating liquors into the country contrary to the provisions of that act. The record proper shows that before entering upon the trial the United States attorney, with the consent of the court, entered a nol. pros. as to the second count of the bill. The bill of exceptions shows that he elected to try the defendants upon the second count, and entered a nol. pros. as to the first. The point is made that it thus appears that a nol. pros. was entered as to both counts of the bill, and that nothing remained of the charges against appellants.

We think it clear that the statement in the bill of exceptions is a mere clerical error. Both the record proper and the bill of exceptions show that a nol. pros. was entered as to only one count of the indictment; and while the statement in the bill of exceptions is that this was the first count, the bill of exceptions goes on to show that the accused were tried under that count and not un-

der the second count. The motion for directed verdict made at the conclusion of the testimony did not assign as a ground that a nol. pros. had been entered as to both counts of the indictment; nor was any motion made to arrest the judgment of the court on that ground. The case presented is one of conflict between the recitals of the record proper as to a matter properly a part thereof and the recitals of the bill of exceptions; and it is well settled that in such case the record proper controls. 2 R. C. L. 153; 4 C. J. 519, 520, and cases there cited.

There can be no question but that upon the evidence adduced a conspiracy to violate the National Prohibition Act was clearly established. Appellants do not controvert this, but contend that the evidence was not sufficient to connect them with the conspiracy. We think, however, that it was amply sufficient to take the case to the jury as to each of them, and that their motions for a directed verdict were properly overruled. The failure of the witness Lewis to identify immediately the defendant Hogan, when called upon to do so, is a matter which went merely to the weight of his testimony. He subsequently identified Hogan positively, and gave reasons why he did not identify him at first.

One of the exceptions is directed to the admission of evidence obtained upon a search of three of the defendants and the car in which they were riding, the ground of exception being that the search was unlawful. The exception is without merit. The officers who arrested the defendants and made the search had information that a felony had been committed and that persons supposed to be guilty of its commission were fleeing in a Ford coupé bearing a New York license. They stopped and searched a car corresponding with this description, and arrested and searched the occupants. That their action was proper, and that the evidence obtained was properly admitted on the trial, is too well settled to admit of discussion. See Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Husty v. U. S., 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629; 5 C. J. 399; Pritchett v. Sullivan (C. C. A. 8th) 182 F. 480, 482; U. S. v. Fuellhart (C. C.) 106 F. 911.

We have examined all the assignments of error with care, and find no merit in any of them. The judgment below will be affirmed.

Affirmed.