472 A.2d 77

**IVY HILL ASSOCIATION, INC.**

v.

**Robert M. KLUCKHUHN et ux.**

**No. 88, Sept. Term, 1983.**

Court of Appeals of Maryland.

March 12, 1984.

Carlton M. Green of Hyattsville, for appellant.

James G. Boss, Laurel (Nancy E. James and Boss & Anderson, Chartered, Laurel, on brief), for appellees.

Argued Before MURPHY, C.J., ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ., and W. AL-BERT MENCHINE, Retired, Specially Assigned Judge.

W. ALBERT MENCHINE, Retired, Specially Assigned Judge.

Ivy Hill Association, Inc., a successor receiver[1] (Receiver) for Ivy Hill Cemetery Company (Cemetery Company), filed a Bill in Equity against Robert M. Kluckhuhn and Elizabeth R. Kluckhuhn (Kluckhuhns) on December 10, 1979.

The Bill alleged *inter alia* that the Kluckhuhns "have crossed the common boundary between their property and plaintiff's property, . . . have filled in plaintiff's property with fill dirt and rubble; have cut plaintiff's trees, both of which constitute waste and a trespass on plaintiff's property and are causing irreparable injury to plaintiff's land; that defendants have planted shrubs and grass on plaintiff's property without plaintiff's permission and have failed and refused to refrain from utilizing plaintiff's property, despite plaintiff's demand . . . ."

The Bill prayed for injunctive relief; for the fixing of boundary lines; for damages; and for other relief.

The Kluckhuhns' answer alleged that "they have been in actual, notorious, continuous and adverse possession of all lands now maintained and utilized by defendants as lawn in conjunction with their residence for more than twenty-five (25) years prior to the filing of the Bill of Complaint herein and have been in actual, open, notorious and continuous possession of said land under known and visible boundaries and Defendants are therefore the sole and exclusive owners thereof."

---

1. On April 28, 1953, the Circuit Court for Prince George's County, in a cause entitled *Elizabeth H.S. Boss et al. v. Ivy Hill Cemetery Company of Prince George's County* (Equity No. A. 5504), appointed Walter M. Cole as "receiver, with full power to demand, sue for, collect and receive and take into his possession all the property and estate, including without limitation credits, moneys, lands and tenements, books, papers, and choses of action, belonging to Ivy Hill Cemetery Company of Prince George's County." As early as 1955 the receiver began referring to himself as "Trustee," although sometimes using both designations in the same order. The appointments of successors in office, including the appellant, were designated "Trustees." We shall treat the fiduciaries as receivers.

That bill of complaint, filed on December 10, 1979, was the *only* possessory action ever filed by any of the receivers of the Cemetery Company from the time of the appointment of the initial receiver on April 28, 1953.

The Kluckhuhns and the Cemetery Company are record title holders of adjoining property in Prince George's County. The area in dispute relates exclusively to the small tract of land lying within the dotted lines marked "Top of Bank" and the title line of division between the Kluckhuhns and the Cemetery Company as shown on plaintiff's Exhibit 1.

This appeal is from a decree passed on a second trial of the subject case. The first trial had resulted in a decree holding "That Defendants Robert M. Kluckhuhn and Elizabeth R. Kluckhuhn, have established title and ownership by adverse possession against any claim of Defendant [sic] to property lying within and east of the line designated 'top of bank' on [Plaintiff's Exhibit 1]."

On appeal of that earlier decree, the Court of Special Appeals declared in an unpublished opinion that, "[W]e do not find that the chancellor was clearly erroneous in concluding that [the Kluckhuhns] had established all the elements of adverse possession." The court then remanded the case for determination by the lower court of the legal effect of the appointment of a receiver for the Cemetery Company. *Ivy Hill Association, Inc. v. Robert M. Kluckhuhn et ux,* No. 596, September Term 1981.

Upon remand the trial court's decree after the second trial held that the appointment of a receiver for the Cemetery Company tolled the statute of limitations as a matter of law. The Court of Special Appeals, 55 Md.App. 41, 461 A.2d 16, reversed. We granted certiorari to consider the question.

The issues now raised by appellant in this Court are these:

I Whether the disputed land area became property *in custodii legis* by virtue of the appointment of a receiver[2] for the Cemetery Company on April 28, 1953.

---

2. See footnote 1.

II   Whether the appointment of a receiver on April 28, 1953, interrupted the continuity of the Kluckhuhns' adverse possession and thus tolled the statute of limitations governing adverse possession of land.

We shall consider those issues in light of the circumstance that neither the present receiver nor any of its predecessors in office made any effort to dispossess the Kluckhuhns, by legal proceedings or otherwise, until the filing of this bill of complaint on December 10, 1979.  The Receiver's contention is that the mere appointment of a receiver on April 28, 1953, was sufficient *per se* to defeat the claim of the Kluckhuhns.

## I   *In Custodii Legis*

Receiver contends that the appointment of a receiver on April 23, 1953, caused the property to be *in custodii legis,* thereby placing it beyond the claim of the Kluckhuhns, citing *Day v. Postal Tel. Co.,* 66 Md. 354, 7 A. 608 (1887); *Dampman v. Litzau,* 261 Md. 196, 274 A.2d 347 (1971); and E. Miller, *Equity Procedure* § 613 at 720–721 (1897).  His reliance on the cited authorities is misplaced.

In *Day* and *Dampman,* both *supra,* it is clear that *the receiver was actually in possession of the disputed property.*

E. Miller, *Equity Procedure* in a later section of that classic authority clearly stated the true rule governing inception of property to *in custodii legis* as follows:

"Property is not taken under the protection of the court by the order appointing a receiver and by the bonding of the latter; the summary jurisdiction of the court is not to be interposed until the property is taken charge of by the receiver.  The authorities speak of the appointment *and possession* by the receivers as necessary in order to place the property in the custody of the court.  Thus in a case where receivers were not in possession of property at the time of its seizure under a distress, it was held that their mere appointment did not place the property, as against a stranger, *in custodia legis;* actual possession was necessary.  It is said that the appointment of a receiver of property does not, of itself, divest any one of possession of

the property; it merely authorizes the receiver to demand, and to accept, the possession when voluntarily delivered, or to take it when held by no one else." E. Miller, *Equity Procedure* § 616, at 723 (1897) (footnotes omitted).

So, in *Farmers Bank of Del. v. Beaston,* 7 G. & J. 421, 428 (1836), this Court held that the appointment and bonding of a receiver *did not prevent attachment of property until it is taken in charge by the receiver.* The United States Supreme Court affirmed this decision in *Beaston v. Farmers Bank of Del.,* 37 U.S. 102, 12 Pet. 72, 9 L.Ed. 1017 (1838).

To the same effect is *Witbeck v. Electro Nuclear,* 243 Md. 563, 572–73, 221 A.2d 888, 893 (1966). *See also* 16 Fletcher, *Cyclopedia of the Law of Private Corporations* § 7787, at 337 (Perm. ed. 1979).

■ In the subject case it was not until the filing of this bill of complaint on December 10, 1979,—more than twenty-three years after the adverse possession of the property by the Kluckhuhns had begun—that *any* effort was made by the initial receiver or his successors to secure possession of the real property.

The principle of property *in custodii legis* simply has no application to the facts of this case.

II *Tolling of the Statute of Limitations*

The issue raised in this case—whether the mere appointment of a receiver tolls the running of the statute of limitations applicable to the adverse possession of realty—is somewhat unique. Indeed, very few cases have confronted this question with respect to either personalty or realty. Despite the paucity of case law, however, the decisions of those courts which have determined whether the appointment of a receiver tolls the statute of limitations are quite consistent. Text writers appear equally consistent.

■ The general rule which emerges from a reading of texts and applicable case law is that the appointment of a receiver on behalf of a corporation does not toll the statute of limitations with respect to third party claims against the

realty or personalty of that corporation. *See, e.g., Nicholas v. Salisbury Hardware and Furniture Co.,* 248 N.C. 462, 471, 103 S.E.2d 837 (1958); *Nichols v. Wheeler,* 304 S.W.2d 229, 232 (Tex.Civ.App.1957); *United States Fidelity & Guar. Co. v. First Nat'l Bank,* 93 S.W.2d 562, 565 (Tex.Civ.App.1936); *Houston Oil Co. v. Brown,* 202 S.W. 102, 109 (Tex.Civ.App. 1917). The rationale for this principle is based primarily on the fact that a receiver takes possession of corporate property pursuant to court order. *See Houston Oil Co. v. Brown, supra.*

In 2 C.J.S., *Adverse Possession* it is said in § 192 at 915:

"*An order appointing a receiver* for a corporation puts him in possession only of such property of the corporation as is at the time in its actual or constructive possession and therefore does not interrupt the running of the statute of limitations in favor of an adverse claimant and occupant of land, the legal title to which is in the corporation, or change his status or rights in any way . . . ." (Emphasis in original.)

In *Houston Oil Co. v. Griffin,* 166 S.W. 902 (Tex.Civ.App. 1914), as in the subject case, the receivers neglected to file a timely possessory action against adverse possessors of property following the initial appointment. In the course of its holding that the appointment of receivers for appellant company did not have the effect of stopping the running of the statute of limitation in appellee's favor, the court said:

"We know of no rule which would protect the appellant from the result of the failure of the receivers of the company to exercise the power conferred upon them to bring suit to recover possession of the property." 166 S.W. at 904.

*See also Houston Oil Co. v. Brown, supra,* and cases and texts therein cited.

The reasons supporting the principle that the mere appointment of a receiver will not toll the statute of limitations were well articulated in *Houston Oil Co. v. Dowden,* 202 F. 714 (5th Cir.1913):

"It is contended that the appointment of receivers in the original cause worked an interruption of the possession of appellee's predecessors to all but the part of the land in their actual occupancy and under inclosure at the time of such appointment. The effect of the order of the court appointing the receivers was to put in their possession all property which was in the possession, actual or constructive, of the Houston Oil Company and to which it had title. *This would not include property in the adverse possession of claimants at the time of the appointment and to which title by such adverse possession had not then ripened, since such property could not be said to be in the possession of the corporation.* This is conceded to be the status of the property actually possessed by adverse claimants. We think it equally true that property in the constructive possession of an adverse claimant, though title to it has not become complete in such claimant, could not pass to the possession of the receivers under the order of their appointment, the effect of which was to vest them with possession of only such property as was in the possession of the defendants at the time the order was made . . . ." 202 F. at 716 (Emphasis added).

The court in *Dowden* added at page 717: "The receivership interrupts the running of the statute only as to property of the corporation, which is not at the time of the seizure in the adverse possession, actual or constructive, of another." *Accord Houston Oil Co. v. Brown,* 202 S.W. 102, 109 (Tex. Civ.App.1917) (appointment of receiver on behalf of corporation did not toll the statute of limitations applicable to party claiming title to land by virtue of adverse possession); *Houston Oil Co. v. Griffin,* 166 S.W. 902, 904 (Tex.Civ.App.1914) ("Appellee's adverse possession and claim began prior to the appointment of the receivers, and the inability or disability of appellant to bring suit for the recovery of the land pending the receivership would not stop the running of the statute.").

The rule that the appointment of a receiver does not toll the statute of limitations apparently applies whether the

statute runs in favor of or against the party on whose behalf the receiver has been appointed. For example, as the Supreme Court of Georgia stated:

"[T]he property of a debtor in the hands of a receiver, for the purpose of being appropriated for the mutual benefit of the debtor and his creditors, is held by the receiver as a successor of the debtor, if not as a *quasi* agent for him. As against strangers to the suit such holding is no breach of continuity. The statute of limitations (or of prescription) in favor of the debtor's inchoate prescriptive title is not suspended, but continues to run pending the receiver's possession." *Verdery v. Savannah F. & W. Ry. Co.,* 82 Ga. 675, 684, 9 S.E. 1133 (1889).

In *Verdery,* the court held that the appointment of a receiver on behalf of the railroad company did not interrupt the running of the statute of limitations applicable to adverse possession in its favor. 82 Ga. at 684–85, 9 S.E. 1133. Similarly, in *Nicholas v. Salisbury Hardware and Furniture Co.,* 248 N.C. 462, 103 S.E.2d 837 (1958), the Supreme Court of North Carolina determined that the appointment of a receiver would not toll the statute of limitations applicable to the acquisition of an easement by prescription. 248 N.C. at 471–72, 103 S.E.2d 837. Therefore, the defendant corporation, which was in receivership, was entitled to have the jury determine whether it had acquired a valid easement. *Id.* at 472, 103 S.E.2d 837.

Citing no cases directly on point, Receiver relies on the principle declared in *Day v. Postal Telegraph Company,* 66 Md. 354, 368, 7 A. 608, 613 (1887):

"The receiver is but the officer or agent of the court from which he derives his appointment, and his possession is exclusively the possession of the court; the property being regarded as in the custody of the law, *in gremio legis,* for the benefit of whoever may be ultimately determined to be entitled to its possession. High on Rec. secs. 134, 139. And this strict rule forbidding the interference of a third party with the possession of the receiver, without leave of the court, applies without regard to the fact, whether such

party claims paramount to or under the right which the receiver was appointed to protect. High on Rec. sec. 139 . . . ."

■ Receiver's reliance upon this principle also is misplaced. The continuing viability of the principle stated in *Day, supra,* is not challenged here. The Kluckhuhns acknowledge that *institutions of* possessory actions by a receiver (as in *Day*) or by a trustee (as in *Dampman v. Litzau,* 261 Md. 196, 274 A.2d 347 (1971)), operate to bring both personalty or real property to the status of being *in custodii legis* and toll the statute of limitations.

The citation of High on Rec. § 139 in the quotation of *Day, supra,* serves significantly to distinguish the subject case from *Day* because that same author in § 184 declares: "The *appointment* of a receiver over an estate or property does not alter or affect the rights of parties as regards the operation of the statute of limitations." S.T. High, *A Treatise on the Law of Receivers* § 184, at 214 (4th ed. 1910) (emphasis added; footnote omitted). R. Clark, *The Law of Receivers* puts the true rule as follows:

"The general rule is that the mere appointment of a receiver does not in any way affect the running of the statute of limitations." 1 R. Clark, *The Law of Receivers* § 268.1, at 411 (3d ed. 1959) (emphasis added; footnote omitted).

Early cases in Maryland are in full accord with the general rule, seemingly universally held, that the mere appointment of a receiver does not toll the statute of limitations.

In *Williamson v. Wilson,* 1 Bland 418, 421 (1826), it was said:

"A receiver is an officer of the Court. He is considered as truly and properly the hand of the Court; but his appointment determines no right; nor does it affect the title to the property in any way; it will not even prevent the running of the Statute of Limitations."

■ Several of our decisions have noted the functions and powers of a receiver in various contexts. The appointment

of a receiver neither affects title nor determines any rights to the property, but rather the receiver takes possession of the property subject to those liens and encumbrances which already may exist. *See, e.g., Forest Lake Cemetery v. Baker,* 113 Md. 529, 538, 77 A. 853 (1910) ("prior liens are not divested by the appointment of a receiver, and he takes the property subject to all existing liens"); *Gaither v. Stockbridge,* 67 Md. 222, 225, 9 A. 632 (1887) (receiver's "appointment does not change the title to the property, or create any lien upon the same, in favor of any of the parties interested; his holding being for the benefit of the party who may be ultimately determined to be entitled."); *Ellicott v. Warford,* 4 Md. 80, 85 (1853) ("the appointment of a receiver does not determine any right, or affect the title of either party, in any manner whatever"); *Ellicott v. United States Ins. Co.,* 7 Gill. 307, 320 (1848) (appointment of receiver does not affect title or involve determination of right to property; purpose is to retain for the "party who may ultimately appear to be entitled to it").

Reiteration of the rule was thus stated in *Williams v. Taylor,* 99 Md. 306, 311–12, 57 A. 641, 643 (1904):

> "We do not understand that it was contended that the appointment of the receiver without more, in the proceedings just mentioned, would have the effect of stopping the running of the statute. The mere authority given him to sue is not sufficient. The demand must be made by the institution of the suit which by the decree of the Chancery Court he was authorized to bring to recover the unpaid subscriptions."

Although the above Maryland cases related to claims concerning personalty, rather than real property, it is plain that the same legal principle would apply to both.[3]

---

3. The principle was applied to real property held by a trustee in *Stoll v. Smith,* 129 Md. 164, 166, 98 A. 530, 530 (1916), and in cases therein cited. In *Stoll* the Court declared that the principle should be applied without distinction "between a trustee appointed by a Court of Chancery and one appointed by a deed."

We hold that the mere appointment of a receiver did not bring the disputed property to the status of being *in custodii legis* and did not toll the statute of limitations. Accordingly, the adverse possession of the Kluckhuhns having extended beyond the term fixed by law for the acquisition of title against the Cemetery Company and the receivers, Maryland Code, Courts and Judicial Proceedings Article § 5–103(a); *Blickenstaff v. Bromley,* 243 Md. 164, 170, 220 A.2d 558, 561 (1966), the decision of the trial judge was erroneous.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; COSTS TO BE PAID BY IVY HILL ASSOCIATION, INC., RECEIVER.