### D. C. Giddings v. F. W. A. Fischer.

No. 1255.   Decided December 3, 1903.

**1.—Appeal Bond—Condition—"Or" for "And."**

An appeal bond conditioned to pay "All the costs which have accrued in * * * or which may accrue in," etc., may be construed as having the same effect as though "and," the word employed in the statute (Rev. Stats., art. 1400), had been used instead of "or," and should be held sufficient. (Pp. 177, 178.)

**2.—Land—Pleading—Judgment—Description.**

See description of land in pleading and judgment held insufficient to identify it, the boundaries of other surveys called for being impossible to reach in accordance with the calls and the courses and distances by which the land could be located in disregard of them being omitted. (Pp. 185-189.)

**3.—Limitation—Pleading—Boundaries.**

An answer disclaiming as to part and asserting limitation as to a part of the land sought to be recovered, must identify the portion so claimed by defendant, especially where it is sought to hold 160 acres as naked possessor without deed. See description in a plea of such possession giving the east and south, but not the west and north boundaries of the land claimed, held insufficient. (Pp. 188, 190.)

Error to the Court of Civil Appeals for the First District, in an appeal from Hardin County.

Giddings sued Fischer for the recovery of land, and had judgment therefor. On defendant's appeal the judgment was reversed and rendered for appellant for a part of the land, and appellee, the plaintiff below, thereupon obtained writ of error.

*Searcy & Garrett,* for plaintiff in error.—The Court of Civil Appeals erred in refusing to dismiss this appeal on motion filed by plaintiff in error, for the reason that the appeal bond filed in the lower court was not conditioned as required by law. Batt's Rev. Stats., art. 1400.

The appellant could not in this suit correct a mistake in the call of his deed; nor could he recover by reasor of the statute of limitations under a deed or deeds that failed to cover the identical land described in his deeds. If there was an error in the calls of his deed and the land which he seeks to hold by virtue of the statute of limitation is not covered by the deed, then he is only entitled to recover the land actually occupied for the time required by the statute. Giddings, on examining the records of Hardin County, finds that the lands embraced in appellant's deeds do not cover any of his (Giddings') land, but call for same as one of the boundaries. This being the case, appellee was not put on notice that appellant was claiming any of his land, and consequently not required to bring suit to stop the statute of limitation, for if his land was not embraced in the deeds under which appellant claims, then the statute of limitation never commenced to run against him, except as to such of his land as was actually occupied by appellant. Evans v. Foster, 79 Texas, 51; Carley v. Parton, 75 Texas, 98; Bracken v. Jones, 63 Texas, 184.

*B. L. Aycock,* for defendant in error.—Plaintiff's and defendant's allegations being practically the same in describing the land (three lines out of four of a quadrangle fix the locus in quo), there was left no issue as to the identity of the 160 acres. Ogden v. Bosse, 86 Texas, 336; Gray v. Kauffman, 82 Texas, 68.

The court erred in charging the jury in this: (a) In not submitting the facts to the jury under the plea of ten years limitation. (b) In not instructing them to find 160 acres of land for defendant. Rev. Stats., art. 1317; Roddy v. Kingsbury, 5 Texas, 151; Johnston v. Drought, 22 S. W. Rep., 290.

An instruction to find for defendant 160 acres, including his improvements, would not have been prejudicial to plaintiff. Rev. Stats., arts. 3343, 3344; Teal v. Terrell, 58 Texas, 261, and cases there cited; Talliaferro v. Butler, 77 Texas, 578; Mhoon v. Cain, 77 Texas, 316.

GAINES, CHIEF JUSTICE.—This was an action of trespass to try title brought by the plaintiff in error to recover of defendant in error a

tract of land of 524 acres lying in Hardin County, the field notes of which, as set out in the petition, are as follows: "Beginning at the N. E. cor. of a sur. made for F. Bridge of 640 acres. Thence W. 1200 vrs. the S. E. cor. T. & N. O. R. R. sur. No. 297. Thence N. 1041 vrs. stake on E. line of same. Thence E. 385 vrs. Kuykendall's N. W. cor. Thence S. 950 vrs. his S. W. cor. Thence E. 1428 vrs. his S. E. cor. Thence S. 195 vrs. stake on N. line. Thence W. 535 vrs. N. W. cor. of same. Thence S. 950 vrs. S. W. cor. of same. Thence E. 950 vrs. the S. E. cor. of same. Thence N. 950 vrs. on the N. E. cor. of same. Thence W. 415 vrs. to stake. Thence N. 195 vrs. Kuykendall's S. E. corner, at 332 vrs. the S. W. cor. B. B. B. & C. R. R. sur. Thence E. 926 vrs. stake an ell corner No. 371. Thence S. 1588 vrs. the S. W. cor. of Q. Shaw sur. Thence E. 950 vrs. S. E. cor. of same. Thence N. 110 vrs. S. W. cor. of section No. 372. Thence E. 1067 vrs. stake the S. Laird W. line. Thence S. 536 vrs. N. E. cor. of B. Mancha. Thence W. 1860 vrs. stake on Burk's E. line. Thence N. 375 vrs. his N. E. cor. Thence W. 1696 vrs. stake on F. Bridge's E. line. Thence N. 1418 vrs. to the beginning." The defendant in error disclaimed as to all the land sued for; except as to a tract alleged to consist of 160 acres which is described in his answer as follows: "Bounded on the north by State school section No. —— and the Q. Shaw-survey, on the east by the S. Laid survey, on the south by Benino Mancha, or J. H. Collett survey No. 411, of 951 acres; on the west by I. Bridges survey No. 1 of 640 acres, which was mistaken for a survey called D. C. Giddings in defendant's deed from W. G. Parker, and the deed from Phillip Cotton, and the deed from Nancy Parker, and the deed from W. D. Laird, and deed from A. S. Fountain to deft. in defendant's chain of title." As to the land so described he pleaded not guilty and the statutes of limitations of five years and of ten years. He also pleaded ten years limitation as to "160 acres of land bounded on the east by the S. Laird survey, south by survey No. 411, containing 937 acres made for J. H. Collett," not otherwise describing it.

Upon the trial the plaintiff introduced in evidence a patent from the State of Texas to him for the land described in his petition, and rested his case.

Thereupon the defendant introduced the following testimony in support of his pleas of limitation. One George B. Jordan testified as follows: "I am acquainted with the land in controversy and have lived near it about twenty-seven years. The first man that went into possession of it was one McMeans, and the next man that lived on it was Phillip Cotton. Cotton was followed by W. G. Parker, who sold the land to Laird, and Laird sold the land to A. S. Fountain, and Fountain to the defendant. There is a small improvement on the land, two log houses and four or five acres in cultivation; the improvements were not worth much." The defendant, being sworn in his own behalf, gave testimony as follows: "I am the defendant. I bought the land in controversy from Fountain in 1898. I paid two hundred and forty dollars

($240) for the 160 acres of land. I let Tobe McKinney live on the place the first year after I bought it, and I lived there ever since. I paid the taxes every year after I bought it on the land purchased from Fountain, including the year 1900." Witness being shown his tax receipts for 1898, 1899, 1900, and redemption receipt for the years 1896 and 1897, paid by witness August 2, 1898, on 160 acres under head of Phillip Cotton, "original grantee," testified that the taxes so paid were paid on the 160 acres he bought from Fountain. Witness testified: On being shown the county map to point out the land, said he did not know how to find it or point it out on the map so as to identify the 160 acres. Witness further testified that A. S. Fountain was in possession when he bought it from him, and Fountain told him that he had had the land in possession from the year 1889. This was all the testimony upon the issue. No map was offered in evidence.

The court after hearing the evidence instructed the jury to find a verdict for plaintiff "for all the land sued for except five acres," and to "find the five acres for defendant, to include his improvements;" and a verdict was returned in accordance with that instruction. A judgment also was entered in accordance with the verdict.

The defendant appealed to the Court of Civil Appeals and the plaintiff moved to dismiss the appeal for want of a sufficient bond. The motion to dismiss was overruled; and the court proceeded to reverse the judgment of the trial court, and to render judgment for the defendant for "the following described tract of 160 acres of land and all improvements thereon: Situated on the waters of Pine Island Bayou in Hardin County and known as a part of survey No. 373, bounded on the north by State school section No. —— and the Q. Shaw survey; on the east by the Laird survey; and on the south by the Benino Mancha or J. H. Collett survey No. 411 of 951 acres; on the west by I. Bridges survey No. 1 of 640 acres."

The plaintiff in error first assigns as error the action of the Court of Civil Appeals in overruling his motion to dismiss the appeal. The motion was based upon an alleged defect in the appeal bond. The condition of the obligation was: "That said F. W. A. Fischer shall prosecute his appeal with effect and shall pay all costs that have accrued herein in the District Court or which may accrue in the Court of Civil Appeals or the Supreme Court." The condition of the bond in such cases is prescribed by the statute in the following language: "Conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and shall pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court." Rev. Stats., art. 1400. It is insisted that the use of the word "or" in the place of "and" makes the condition substantially different from that of the bond required by the statute, and that therefore the bond is not sufficient to support the appeal. But we do not concur in the proposition. The condition in the bond is capable of the construction, that the obligors bind themselves to "pay all the costs," as

well those which have accrued in the District Court as those which may accrue either in the Court of Civil Appeals or the Supreme Court and may mean the same thing as if the conjunctive conjunction had been used in place of the disjunctive. The condition of the bond being susceptible of the construction that it includes the costs already incurred as well as those which may be thereafter incurred in the appellate courts, and that construction rendering the bond valid, we are of the opinion that it should prevail.

No map was offered in evidence, but in order to elucidate the case we insert a sketch of the land sued for as described by the field notes given in the petition. (See map next page.)

We think the Court of Civil Appeals erred in rendering judgment for the land described or attempted to be described therein. A reference to the sketch inserted in this opinion will show that the land which is bounded on the north by Shaw and the survey which lies east of the Shaw's survey, on the east by the Laird and on the south by the Mancha, is bounded on the west for nearly the whole distance by the Burke survey. In order to reach the Bridges, it is necessary to run through a narrow neck about 200 varas in length and thence about 1500 varas to his east line. After passing Burke's northeast corner the land is bounded on the south by his survey. So after passing Shaw's southwest corner we have no north boundary given. If the length of the north and of the south boundary lines had been stated, then it may be that the call for the west line may have been disregarded. But the length of neither of these lines is given. Nor does the call for the 160 acres aid the description. The land embraced between the Shaw and the section on the north, the Laird on the east and the Mancha on the south includes very nearly 200 acres, and if the Bridges survey be reached it embraces very much more. The attempted description in the judgment does not fix with any degree of certainty the west line of the land adjudged to the defendant in error and the judgment is therefore erroneous. In this connection, we remark that the defendant's plea of limitation is also insufficient, because it does not describe the land claimed by him. This especially applies to the plea under which he sought to hold 160 acres as a naked possessor. The attempted description in that plea gives only the east and south boundaries of the 160 acres and leaves it wholly uncertain as to the location of the other boundaries of the tract so claimed. When a party is in possession of land of which he has held adverse possession of ten years, and claims under no muniment of title or color of title which fixes the boundaries of his claim, he may under our statute assert title to 160 acres without showing actual occupancy of the whole, provided that the tract so claimed embrace the land of which he has had actual possession, and provided further, that he describe in his pleading the 160 acres to which he asserts title, and that he prove upon the trial that while occupying a part he claimed the whole. Not having described the land in any of his pleas, it seems to us that the defendant has no standing in court. But at all events, the testimony did not identify the land any

No. 1255........5.

Stake, Laird's W. line.

more clearly than did the pleas of the defendant. Two witnesses gave testimony for the defendant—one Jordan and himself—and both speak of the land merely as "the land in controversy." But since the defendant disclaimed as to all the land except a part, and failed to describe that part in his answer, neither the court nor jury could know what was the land in controversy.

We may remark further that the testimony as to the continuity of the possession for the ten years is of a very unsatisfactory character. Jordan merely gives the names of the several occupants without saying that the occupancy of either was continuous, or that there was no interval between the time one went out of and the other came into possession. The defendant testified as to his own continuous occupancy, but the time of his possession was not sufficient to bar a recovery. This was supplied by the declarations of his vendor, to which no objection was made, but which ought to have been excluded had the proper objection been interposed.

On account of the unsatisfactory character of the evidence, we thought the Court of Civil Appeals erred in not remanding the cause for a new trial. But we find that that is not assigned as error in the petition for the writ of error.

But it is assigned that the court erred in rendering the judgment for the 160 acres as described therein, and we concur in that view.

The judgment of the Court of Civil Appeals is therefore reversed and the cause remanded.

*Reversed and remanded.*