### George E. Downs v. Robert Powell et al.

Decided February 23, 1909.

**1.—Limitation—Adverse Possession—Notice to Owner.**

The possession of land by one claiming adversely to the owner, in order to give title to such claimant by limitation, must be of such character as is sufficient in itself to give notice to the owner of the adverse claim.

**2.—Same—Inclosure—Notice.**

The inclosure, cultivation and enjoyment of a small strip of land by the owner and occupant of an adjoining tract who has extended his inclosure a short distance over his line, whether such extension was by design or mistake, is not sufficient to give notice to the owner whose property is thus invaded that the person so occupying such strip is asserting a claim to any portion of the land outside of his inclosure.

**3.—Judgment—Trespass to Try Title—Description of Land.**

A judgment rendered upon pleadings which fail to describe the land attempted to be awarded by the judgment cannot be sustained.

**4.—Same.**

Where, in trespass to try title, the petition described by metes and bounds a tract alleged to contain 320 acres, and the evidence showed that the tract so described contained about 200 acres, and under his plea of limitation the defendant claimed "the land described in the petition," a judgment in favor of defendant for "160 acres, to include his improvements," was not supported, for without further description it could not be determined what part of the land was adjudged to him.

Appeal from the District Court of San Augustine County. Tried below before Hon. W. B. Powell.

*T. D. Cobbs,* for appellant.

*Foster & Davis,* for appellees.

PLEASANTS, Chief Justice.—This is an action of trespass to try title brought by appellant against appellees, Robert Powell and T. B. Allen & Co., to recover a survey of 320 acres of land in San Augustine County, known as the south Jas. A. Chaffin survey, and also to recover damages for timber cut by defendants from said land and from adjoining land owned by plaintiff. The defendant Powell answered by general denial, and plea of not guilty, and by special plea setting up title to the land under the statute of limitation of ten years. The record contains no answer of the defendant Allen & Co. The cause was tried by a jury and a verdict and judgment rendered in favor of appellant against Robert Powell for all of the land in controversy except for 160 acres thereof to include said defendant's improvements, and also in favor of appellant against the

defendant Allen & Co. for the sum of $75, the value of the timber cut by said company, and in favor of Allen & Co. against defendant Powell for all costs incurred by said company in defending this suit.

The facts disclosed by the record are as follows: Appellant has a complete chain of title from the sovereignty of the soil to all of the land described in his petition, and this title prevails unless the defendant, Robert Powell, established title by limitation to 160 acres of said land. The evidence upon the issue of limitation shows that Jackson Powell, a brother of appellee, Robert Powell, set up claim to the 320-acre survey described in plaintiff's petition, in the year 1892. At that time he and his brother, Robert Powell, were living with their widowed mother on the J. R. Powell homestead tract, some distance south of the Chaffin. Witness's father, J. R. Powell, shortly before his death, which occurred in 1891, had purchased what was known as the Fondville place, containing 160 acres of land lying between the J. R. Powell homestead and the land in controversy, and adjoining both of said tracts, the north line of the Fondville tract being the south line of the tract owned by plaintiff. The dwelling house on the Fondville place at the time said place was purchased by J. R. Powell was situated about thirty steps from the line of the land in controversy. There was a field on the place, and this field extended over the line of the Chaffin survey far enough to include three or four acres of the land in controversy. This was the situation at the time Jackson Powell set up his claim to the Chaffin survey in 1892. He cultivated this field during the years from 1892 to 1895 or 1896 while living with his mother on the J. R. Powell homestead. In 1895 or 1896 he married and moved to the house on the Fondville place and lived there until 1903. When he left this place he sold to his brother, appellee Robert Powell, his claim to the Chaffin survey. The description of the land conveyed by this deed as therein given is as follows: "All that certain lot of land being in San Augustine County, State of Texas, to wit: Being a part of the J. A. Chaffin survey, located about thirty miles south of the town of San Augustine, being and containing 160 acres of land more or less." Some time after he moved to the Fondville place, the exact date not being shown, he put in another field of four or five acres, which also extended over the line and included land on the Chaffin. He testified that he cultivated this field, and the field of three or four acres before mentioned, continuously during the time he lived on the Fondville place, and that he claimed the land in controversy all the time from 1892 until he sold to appellee in 1903. After he moved to the Fondville place he built a crib on the Chaffin land near his dwelling house on the Fondville. In regard to his claim to the Chaffin he testified as follows: "I never lived on the land but claimed it as my home. I thought I had a right to claim 160 acres and I claimed it. I cultivated it and worked the land and kept up the improvements. I claimed the land as my own, and the reason I claimed the land when I had no title was because it was the only land I had any show to claim or shot at. I set up my claim in 1892 by working the land, raising first one thing or another on it. Nobody bothered me. I told the neighbors around

there I was claiming it. I did not know anything about Mr. Downs until I heard of this suit. I thought it was the Chaffin land. I was not able to buy the land and knew I could not buy it. I never had it surveyed, but just made a deed for 160 acres, more or less. I left there after I sold to my brother."

W. H. Miller, a witness for appellee, testified as follows: "I have lived in the lower end of San Augustine County for forty years. I know where the Chaffin survey is and know where the tract known as the 320-acre tract is—the south Chaffin tract, which is just north of Fondville survey. I know that Jack Powell cultivated land on the Chaffin survey. I could not say how long, but would say about some twelve or thirteen years. He had a little field on the bayou, which is the west field, over the line, and he has built one up to the house, which is the east field. A portion of that extends over up to the line of the house and he had a corn crib on this land and a little lot. The field which I spoke of which was across the line was not entirely on the Chaffin survey. He lived there on the Fondville place and cultivated those fields extending over on the Chaffin all during the time. He said he claimed it. He cultivated it each year he was there, during the years he lived there." It was further shown by the evidence that the first field of four acres before mentioned extended over the line of the Chaffin survey for about 175 feet. The distance which the second field of five acres extended over said line is not shown except by a map introduced in evidence, which shows that it was about the same as the four-acre field.

Appellee testified as to his possession and claim to the Chaffin survey as follows: "I bought my brother's claim to the J. A. Chaffin survey and that is the land this deed refers to. I have placed some improvements on this land. I built a plank house with two rooms and a garden and a well and a yard. I built two houses, one a little log house. I built the plank house in 1904, and the other house in 1903. There were some improvements there when I bought it. There was a crib, a lot, and two fields, I should judge about five or six acres in each place. They had a fence around it and the land was in a state of cultivation. I have had it cultivated ever since I bought it. I did not live on the land myself, but cultivated it some and rented it out to different people. Last year I rented it to G. G. Lakey. When I purchased this claim there was a crib, a lot and fields on it. I bought the improvements from Jack Powell and placed some others there myself. Jack Powell is my brother." He also testified that he and his brother had cut and sold timber from the Chaffin survey ten or twelve years before this suit was filed, and that his brother cut timber therefrom for use in building fencing and making other improvements during the time he lived on the Fondville place. He does not live on the Chaffin survey and never lived there except for a month after this suit was brought.

Under an appropriate assignment of error the appellant complains of the judgment upon the ground that upon the undisputed evidence in the case the appellee was only entitled to recover on his plea of limitation that portion of the land in controversy actually inclosed and used by him, and the trial court erred in not so instructing the

jury. We think this objection to the judgment should be sustained. The possession of land by one claiming adversely to the owner, in order to give title to such claimant by limitation, must be of such character as is sufficient in itself to give notice to the owner of the adverse claim, and it is well settled that the inclosure, cultivation and enjoyment of a small strip of land by the owner and occupant of an adjoining tract who has extended his inclosure a short distance over his line, whether such extension was by design or mistake, is not sufficient to give notice to the owner whose property is thus invaded that the person so occupying such strip is asserting a claim to any portion of the land outside of his inclosure. (Bracken v. Jones, 63 Texas, 185; Tucker v. Smith, 68 Texas, 473; Rice v. Goolsbee, 45 Texas Civ. App., 254; Titel v. Garland, 99 Texas, 201.)

The evidence before set out shows that prior to 1903 the only part of the land in controversy which was inclosed was a few acres adjoining the Fondville place on which appellee's vendor, Jack Powell, resided, and that these few acres were inclosed with land on the Fondville place, near the residence of said Jackson Powell, the fence around said inclosure extending less than 200 feet over the line between the Fondville place and the land in controversy. It is, we think, clear under the authorities above cited that this possession was not sufficient to give appellant notice that Jackson Powell was claiming the entire Chaffin survey or any portion thereof other than the small strip in his inclosure.

Another objection urged to the judgment which we think is valid is that it does not sufficiently describe the land adjudged to appellee. Under his plea of limitation appellee claimed "the land described in plaintiff's petition." The petition described by metes and bounds a tract alleged to contain 320 acres. The evidence shows that the tract described in the petition contained about 200 acres. The judgment is in favor of appellee for "160 acres, to include his improvements." Under this judgment the officer charged with the execution of a writ of possession would not know what land to place in plaintiff's possession, because he could not, even with the assistance of a surveyor, determine what portion of the land in controversy was adjudged to the appellee. The deed under which appellee claims, while sufficient to show privity between him and his brother, Jackson Powell, does not identify the 160 acres of land thereby attempted to be conveyed further than as being a part of the Chaffin survey, and the parol evidence introduced on the trial does not aid this description in any way. In addition to all this, the plea of limitation does not describe the 160 acres recovered. It is unnecessary to cite authority upon the proposition that a judgment of this kind, rendered upon pleadings which fail to describe the land attempted to be awarded by the judgment, can not be sustained. It matters not what the proof may have been under the appellee's plea of limitation, no judgment could have been properly rendered in his favor for any portion of the land in controversy less than the entire tract "described in plaintiff's petition." (Giddings v. Fischer, 97 Texas, 184; Titel v. Garland, 99 Texas, 201.)

It follows from what we have said that the judgment of the court

below should be reversed, and the evidence being undisputed and the facts fully developed, the trial court is instructed, in event the appellee Powell amends his place of limitation by describing the land in his inclosure which has been inclosed and held adversely to appellant for ten years prior to the institution of this suit, to render judgment in his favor for the land so held and in favor of plaintiff for the remainder of the tract. The judgment for damages for timber cut from the land against Allen & Co., and in favor of appellee Powell not being assailed by any assignment presented in the brief, is undisturbed.

*Reversed with instructions.*