## YORK v. J. M. THOMPSON LUMBER CO.
### (No. 6655.)

(Court of Civil Appeals of Texas.   Galveston. June 23, 1914.)

1. TRESPASS TO TRY TITLE (§ 47*) — JUDGMENT—DISCLAIMER—RELIEF TO DEFENDANT.

In trespass to try title, where defendant by plea disclaimed title or interest in the tract, except as to a specifically described 160 acres, as to which he alleged a good title by adverse possession for more than ten years, without any alternative plea that if he was found not entitled to recover such 160 acres he might have judgment for 160 acres, including his improvements, to be surveyed and designated out of the tract by order of the court, or proof that to award him such 160 acres would be a fair and equitable partition between himself and plaintiff, the trial court could not render judgment for such 160 acres, or any other title or interest in the tract.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 69–71; Dec. Dig. § 47.*]

2. TRESPASS TO TRY TITLE (§ 47*)—JUDGMENT—CONFORMITY TO EVIDENCE.

Nor in such case could the court render judgment for defendant for any part of the tract, where there was no evidence as to the quantity of land actually occupied by defendant, except the 50 or 60 acres under cultivation, under which it could describe the lands actually occupied for the ten years prior to the suit.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 69–71; Dec. Dig. § 47.*]

Appeal from District Court, Trinity County; S. W. Dean, Judge.

Trespass to try title by the J. M. Thompson Lumber Company against George York. Judgment for plaintiff, and defendant appeals. Affirmed.

John I. Moore, of Crockett, for appellant. Wm. A. Vinson and Lane, Wolters & Storey, all of Houston, Kenley & Minton, of Groveton, and Paul Kayser, for appellee.

PLEASANTS, C. J.   This is an action of trespass to try title brought by appellee against the appellant to recover a tract of 609.5 acres of land on the Joel Clapp survey in Trinity county. The appellant disclaimed as to all of the land sued for except a tract of 160 acres thereof, which he described in his answer by metes and bounds, and to which he claimed title under the ten years' statute of limitation. The trial in the court below without a jury resulted in a judgment for plaintiff for all of the land.

The conclusions of fact and law filed by the trial court, at the request of appellant, are as follows:

"(1) The patent from the state of Texas, of date October 9, 1848, was issued to Joel Clapp, for approximately 2,214 acres of land, and which includes the land in controversy.

"(2) That plaintiff, by inheritance and mesne conveyances, is now the owner of the record title to the 609.5-acre tract of land described in its original petition; same being a part of the aforesaid Joel Clapp survey.

"(3) That defendant, George York, took ac-

tual possession of some undivided part of said 609.5 acres about 12 or 15 years prior to the institution of this suit against him by plaintiff, and that he thereafter, up to November 22, 1900, continuously held, occupied, and adversely claimed an undivided part amounting to 160 acres.

"(4) That on November 22, 1900, said defendant, George York, for the first time, had the county surveyor of Trinity county make a survey of the 160 acres of land described in his original answer on file in this cause.

"(5) That since November 22, 1900, said defendant, George York, has been claiming and adversely holding the said 160 acres so surveyed for him, and as described in his said answer, and no other portion of said 609.5 acres.

"(6) That said defendant, George York, did not claim prior to November 22, 1900, the particular 160 acres of land described in his original answer on file in this cause.

"(7) That plaintiff's original petition was filed in this cause on May 21, 1906.

"(8) That said defendant, George York, by his answer on file in this cause, disclaims all interest in said 609.5 acres sued for by plaintiff, save and except the 160 acres described in his answer.

"(9) That said defendant, George York, has not made any allegations, or offered any proof, that the setting aside to him of the particular 160 acres described in his answer and now claimed by him would be just and equitable to the owner of the remainder of the 609.5 acres." Tr. pp. 9, 10.

### Conclusions of Law.

"(1) That plaintiff is entitled to recover against defendant, George York, on his disclaimer, all the land in controversy, save and except the 160 acres described in defendant's said answer.

"(2) That defendant, George York, is not entitled to recover the particular 160 acres claimed by him, because same was not surveyed or otherwise designated on the ground or claimed by him for as much as ten years prior to the filing of this suit; the defendant having made no allegations nor offered any proof that the setting aside to him of the 160 acres would be a just and equitable partition of said land.

"(3) In light of the foregoing findings of fact and law, judgment should be and is rendered for the plaintiff for all of the land sued for by it herein."

These fact findings are supported by the evidence and are not assailed by any assignment presented in appellant's brief.

Appellant contends under appropriate assignments that because the undisputed evidence shows that he was in continuous adverse possession of a portion of the land, claiming 160 acres thereof for more than ten years before the filing of this suit, judgment should have been rendered in his favor either for the 160 acres described in his petition or for 160 acres, including his improvements, and a survey and designation thereof ordered by the court. It is further contended that appellant upon the undisputed evidence was at least entitled to a judgment for all of the land actually occupied by him. We do not think that any of these contentions can be sustained.

[1] The want of sufficient pleading to support it is as fatal to a judgment as the want of evidence, or, to state the rule con-

versely, a judgment can no more be properly rendered upon insufficient pleading than upon insufficient evidence. Appellant's claim of title by limitation is to a specific tract described in his answer by metes and bounds. His entire pleading, omitting the formal portions, is as follows:

"Now, at this term of the court, comes the defendant, George York, and disclaims any right, title, or interest in and to the land sued for herein, save and except to the hereinafter described land, to wit: [Here follows the description of the 160 acres.] The remainder of the land sued for herein this defendant says he sets up no claim of right, title, or interest, and here and now disclaims the same except the land above described, and of the same this defendant says the plaintiff ought not to have and maintain his aforesaid action against him, because he says that he, claiming to have good and perfect title to the above-described land and tenements, has had and held peaceful and adverse possession of the said land, cultivating, using, and enjoying the same for a period of more than ten years after the plaintiff's cause of action accrued, if any he ever had, and before the commencement of this suit, and of this he is ready to verify. Wherefore defendant respectfully prays that proof be heard, and that upon hearing he be permitted to go hence without day, and that plaintiff take nothing by his suit, and that defendant have judgment for the title and possession of the above-described land, quieting his title thereto, and for such other and further orders and decrees as may be proper and right, and for costs, special and general relief, for which defendant will ever pray." Tr. p. 4.

Appellant had not claimed the specific tract of 160 acres described in petition for ten years prior to the institution of this suit, and there is neither allegation nor proof that to award him the 160 acres described in his answer would be a fair and equitable partition of the land between him and the appellee. Upon this state of the pleading and evidence the trial court was not authorized to render judgment for appellant for said 160 acres. La. & Tex. Lbr. Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110; La. & Tex. Lbr. Co. v. Stewart (Civ. App.) 130 S. W. 199.

There is no alternative plea that, in event it should be found that appellant was not entitled to recover the specific 160 acres described in his answer, he have judgment for 160 acres, including his improvements to be surveyed and designated under direction of the court, but, on the contrary, appellant expressly "disclaims any right, title, or interest in and to any of the land sued for herein, save and except" the specific 160 acres described in his answer. But for appellant's disclaimer the court might, under the prayer for general relief, have rendered judgment giving appellant 160 acres of land, including his improvements, and directing a survey thereof, but no relief could be granted inconsistent with the facts stated in the petition, and judgment could not have been rendered in appellant's favor for land in which he had expressly disclaimed any right, title, or interest. Herring v. Swain, 84 Tex. 523, 19 S. W. 774; Milliken v. Smoot, 64 Tex. 171;

McIlhenny v. Tood, 71 Tex. 400, 9 S. W. 445, 10 Am. St. Rep. 753.

[2] There was no evidence upon which the court could render a judgment describing the land actually occupied by appellant, nor is there any evidence showing the quantity of land he had actually occupied for ten years prior to the institution of this suit. The evidence only shows that, at the time of the trial, he had 50 or 60 acres in cultivation and had a house and barn thereon.

It was incumbent upon appellant to furnish evidence sufficient to enable the court to determine with some degree of certainty what portion of the 160 acres claimed by him he was entitled to recover by reason of his actual occupancy thereof for ten years, and, in the absence of such evidence, the court was not authorized to render judgment in his favor for any portion of the land.

It follows from these conclusions that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.