**LEE v. KIRBY et al.   (No. 1224.)**

(Court of Civil Appeals of Texas. Beaumont.
Nov. 4, 1925. Rehearing Denied
Nov. 18, 1925.)

**1. Infants ☞24—Title cannot be perfected by
limitation as against owner during his mi-
nority.**

Title cannot be perfected by limitation un-
der the 10-year statute, regardless of the char-
acter of holding as against owner during his
minority.

**2. Deeds ☞45—Frauds, statute of ☞102—
Quitclaim deed, signed by brother in pres-
ence and with permission of grantor, bind-
ing.**

A quitclaim deed, signed by brother of gran-
tor who could not read or write, in latter's
presence, and with his permission, after hav-
ing been read to him, *held* neither forgery nor
in violation of statute of frauds, but binding and
effective.

**3. Cancellation of instruments ☞34(1)—Deeds
☞188—In trespass to try title, validity of
deed cannot be attacked without direct plea,
and attack after 12 years is too late.**

In trespass to try title, quitclaim deed can
be attacked for fraud only by a direct plea
challenging its binding force and effect, and,
where deed is more than 12 years old, an at-
tack for fraud would be too late.

**4. Adverse possession ☞100(1) — Pleading
must designate particular portion held by ac-
tual possession; other portion being in pos-
session of others.**

Where owners were in possession of all of
land not in actual possession of one interposing
adverse claim, in absence of any pleading, or
proof identifying particular portion of land
actually inclosed, adverse claim *held* to fail.

**5. Adverse possession ☞13—Adverse posses-
sion of plaintiffs proven.**

In trespass to try title, where plaintiffs paid
taxes on land regularly every year for more than
10 years, and were in continuous use and en-
joyment, holding the same exclusively and ad-
versely to all the world, except as to small un-
identified portion occupied by defendant, their
claim of title by adverse possession *held* ma-
tured.

Appeal from District Court, Harris Coun-
ty; W. E. Monteith, Judge.

Suit by John H. Kirby and others against
Lafayette Lee. Judgment for plaintiffs, and
defendant appeals. Affirmed.

Robert L. Sonfield, of Houston, for appel-
lant.

Andrews, Streetman, Logue & Mobley, and
Bryan, Dyers & Colgin, all of Houston, for
appellees.

WALKER, J. Appellees, as plaintiffs, in-
stituted this suit against appellant to re-
cover from him the title and possession of
approximately 1,185 acres of land in Harris

county, Tex., a part of the Harris and Car-
penter league. Upon a trial to a jury a ver-
dict was instructed for appellees at the con-
clusion of the evidence, from which this ap-
peal was duly prosecuted.

Appellees introduced a chain of title from
the sovereignty to themselves, in which ap-
pellant attacks many links, on the ground
that the description was bad, or that the
grantors were without power to execute the
deeds in question, or that certain judgments
ordering the conveyance of the land were
void, etc. These objections are fully briefed,
but we are not reviewing the propositions
arising thereunder, since in our judgment ap-
pellees have shown title by limitation and
appellant has shown no title.

The land in question was a peninsula, al-
most surrounded by San Jacinto river and
Old, or Lost, river. The evidence clearly
shows that those claiming this land, and un-
der whom appellees held, built a fence across
the narrow neck of the peninsula long prior
to 1882, and that the land inclosed by these
rivers and this fence was in their uninter-
rupted use and exclusive adverse possession
and enjoyment for possibly 20 years prior to
1892. Under the evidence, no issue was made
against this possession, nor that all the land
in controversy was in the inclosure made by
the rivers and the fence. It would serve no
useful purpose to quote from the testimony
on this issue, but without doing so we make
it as a conclusion of fact that those under
whom appellees hold had perfected a title
by limitation to all the land in controversy
under the 10-year statute of limitation prior
to 1892. On this conclusion, all exceptions
urged against appellees' chain of title prior
to 1892 become immaterial.

[1] All the land in controversy passed to
Emma Hudson in 1892, who, as we conclude,
was a minor at that time. This disability of
minority continued until 1906. Appellant, by
his evidence, raised the issue that the fence
across the neck of the peninsula was down
in 1895, when he repaired it and took and
held exclusive and adverse possession until
1911. We say he raised this issue by his evi-
dence, but, as it appears in this record, his
evidence is so against the overwhelming
weight and preponderance of the other evi-
dence that, had such an issue been submitted
to the jury and found in his favor, it could
not have been sustained. But prior to 1911
no issue of limitation under the 10-year stat-
ute—and appellant claimed under no other
statute—arose in his favor, regardless of
the character of his holding, because of the
minority of Emma Hudson, which, as we
have said, continued until 1906.

[2] In 1911 appellant executed a quitclaim
deed to Joe Eagle to all the land in contro-
versy. This deed was attacked as a forgery
on the ground that appellant did not sign it.
In fact, appellant did not sign the deed in

person, but it appears from his own testimony that his name was signed thereto by his brother, who did so in his presence and with his permission. Though appellant can neither read nor write, it appears from his own testimony that the deed was read to him before it was executed, and, after it was so read, his brother, in his presence and with his consent, signed his name thereto by his mark. Under the authorities, this quitclaim deed, executed in this manner, was not a forgery, nor was it executed in violation of the statute of frauds, but was in all things effective and binding upon appellant. Mondragon v. Mondragon (Tex. Civ. App.) 239 S. W. 650.

[3] Appellant also seeks to avoid the quitclaim deed on the ground of fraud, but no such issue was raised by the pleadings, and, since the deed was more than twelve years old before its validity was put in issue, an attack of this nature came too late. Since this was a trespass to try title suit, this deed could have been attacked and its validity destroyed only by a direct plea challenging its binding force and effect. Deaton v. Rush (Tex. Com. App.) 252 S. W. 1025.

Apart from what we have just said, on a careful review of all the testimony on the issue of fraud, it is clear to us that the issue was not even raised, and, had it been duly pleaded, the court would have committed error in submitting it to the jury.

Appellant further insists that he acquired limitation title under the 10-year statute subsequent to 1911. By his evidence he shows that he was on the land continuously from 1911 to the institution of this suit, but we think it appears from his own evidence that Joe Eagle, who held under appellant's quitclaim deed, and who later conveyed to appellees and those under whom these claimants hold, were in possession of the land continuously from 1911 until the institution of this suit, or at least his evidence does not make an issue against such a conclusion. Then, by his own testimony, he shows such a possession by those holding under his quitclaim deed as to defeat any claim by him. Therefore we conclude, from the undisputed evidence in this case, that appellant did not raise an issue of 10 years' limitation as to all the land subsequent to 1911.

[4] If appellant had an adverse claim against any particular portion of the land in controversy, it could not have extended beyond his actual inclosures, since appellees were in possession of all the land not in the actual possession of appellant. Neither by pleading nor proof does he seek to identify any particular portion of the land in controversy. Therefore, whatever may be the effect of his testimony on the issue of limitation as to the little holdings he may have held and occupied, the court was without authority to give him relief. York v. Thompson Lumber Co. (Tex. Civ. App.) 169 S. W. 187; Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209; Houston Oil Co. of Texas v. Holland (Tex. Com. App.) 222 S. W. 546; Wiley v. Bargman (Tex. Civ. App.) 90 S. W. 1116; Combes v. Stringer, 106 Tex. 427, 167 S. W. 217.

[5] Again, we find that appellees paid the taxes on this land regularly every year from and including 1911 to the institution of this suit, and that they were in continuous use and enjoyment, holding the same exclusively and adversely to all the world, except as to the small portion occupied by appellant, for more than 10 years after 1911. Therefore we further conclude that appellees matured a limitation title to all the land in controversy under both the 5 and 10 year statutes subsequent to the execution of the quitclaim deed from appellant to Joe Eagle.

For the reasons given, the judgment of the trial court is in all things affirmed.