## FURLOW et al. v. KIRBY LUMBER CO.
### No. 2265.

Court of Civil Appeals of Texas. Beaumont.
Oct. 26, 1932.

Rehearing Denied Nov. 2, 1932.

Anderson & Lewis, of Center, for appellants.

Andrews, Streetman, Logue & Mobley, of Houston, and W. I. Davis, of Center, for appellee.

WALKER, C. J.

On July 19, 1930, appellee, Kirby Lumber Company, filed this suit in Harris county, Tex., against Mr. and Mrs. W. P. Fleming, Mr. and Mrs. Asa Fleming, Mr. and Mrs. Jerrell Fleming, Mr. and Mrs. Elza Fleming, and Mr. and Mrs. J. F. Furlow, all citizens of Shelby county, Tex., to recover the title and possession of 540 acres of the B. P. Ayer survey in Shelby county, Tex. By an order dated the 29th day of January, 1931, the district court of Harris county sustained the pleas of privilege of the defendants and transferred the case to the district court of Shelby county. In that court Mr. and Mrs. W. P. Fleming filed their disclaimer, upon which judgment was duly entered. The other defendants answered by general and special demurrers, general denial, and pleas of not guilty, and by a special plea whereby Mr. and Mrs. Asa Fleming and Mr. and Mrs. Jerrell Fleming, Mr. and Mrs. Elza Fleming, and Mr. and Mrs. J. F. Furlow each claimed a specific 135 acres, and each disclaimed as to the balance of the land in controversy, and each answered by the three, five, and ten year statutes of limitation as to the land so claimed. The evidence showed that all the defendants rested their claims of limitation upon one general improvement in the southwestern corner of the survey which they had cultivated jointly for as much as seventeen years. But neither their pleadings nor their evidence identified this improvement upon the ground. The land was so divided amongst the defendants as to put a part of this cultivated land upon each of the 135-acre tracts. The evidence was undisputed that Pickering Lumber Company, holding under Kirby Lumber Company, and with its express consent, went upon this land and cut and removed the saw timber therefrom and afterwards cut and removed the tie timber. During the time the timber was being cut,

the Pickering Lumber Company, with the express consent and approval of Kirby Lumber Company, maintained and operated a log tram across this tract of land, which was not abandoned until after all the timber was cut and removed. It was the theory of appellee, Kirby Lumber Company, that this cutting and removing of the timber and operation of the log tram constituted an entry by it upon this tract of land, and that appellants had not perfected a new period of limitation subsequent to the abandonment of its reentry. No issue was submitted to the jury, involving the claim of Mr. and Mrs. J. F. Furlow. As to the other defendants, it was found that they had peaceable, continuous, and adverse possession of their respective tracts of 135 acres of land, cultivating, using, and enjoying the same for a period of ten years prior to July 19, 1930, the date this suit was filed, and that the defendants and each of them, prior to July 19, 1930, that is, during the year 1917, had defined the boundaries of the land claimed by them. The jury further found that Pickering Lumber Company finished cutting and removing the timber from the 540 acres of land in controversy during the year 1921 and finished cutting and removing the ties from this land in December, 1921, and finished removing the steel from its tramroad across this land in June, 1922. On this verdict both parties filed motions for judgment. The trial court overruled appellants' motion, but granted appellee's motion for judgment for all the land in controversy.

## Opinion.

▮▮ Appellants say "there is but one issue for the court to determine, and that is, the ways and means in which the continuity of the defendants' possession could be broken, and the same can only be broken by an adverse suit being instituted by the record owner, against the claimant." Their argument is that the mere entry by the true owner, not coupled with the institution of an adverse suit, does not break the constructive possession of a limitation claimant. That is not a sound proposition of law. The entry by or under the true owner breaks the exclusiveness of possession of a limitation claimant, and it is not necessary that the true owner institute an adverse suit to give his entry that effect. Evitts v. Roth, 61 Tex. 81; Combes v. Stringer, 106 Tex. 427, 167 S. W. 217, 218; Southwestern Lmbr. Co. v. Allison (Tex. Com. App.) 276 S. W. 418; Evans v. Houston Oil Co. (Tex. Com. App.) 231 S. W. 730; South Texas Development Co. v. Manning (Tex. Civ. App.) 177 S. W. 998 (writ refused); Haynes v. T. & N. O. R. Co., 51 Tex. Civ. App. 49, 111 S. W. 427 (writ refused); Sanders v. Thompson Bros. Lumber Co. (Tex. Civ. App.) 139 S. W. 1004 (writ refused); Lee v. Kirby (Tex. Civ. App.) 277 S. W. 225; Howell v. Garlington (Tex. Civ. App.) 270 S. W. 269; 2 Texas Jurisprudence, "Adverse Possession," §§ 82 and 84. On this proposition the Supreme Court said, in Evitts v. Roth, supra: "But upon the entry of the true owner upon any part of his survey the constructive possession and seizin belong to him. As to the non-inclosed land included in their title deeds, Evitts' entry would effectually interrupt their constructive possession. For he claimed to the full extent of his boundary; they claimed to the extent of theirs; and his being the real title, carried the seizin and constructive possession to all the land embraced within his survey not in the actual occupancy of appellees. Any other doctrine would lead to the absurdity that, without regard to the real title, to the party who first entered would belong and continue to belong the seizin and constructive possession to the extent of the boundaries defined in his title papers."

It follows that the entry of appellee through Pickering Lumber Company, as found by the verdict of the jury, broke the continuity of appellants' possession; and because, under the undisputed facts, they had not matured a new period of limitation since the Pickering Lumber Company abandoned its timber cutting and finished removing its steel from its tramroad across this land, judgment was properly entered against them in favor of appellee.

▮ The entry by the true owner restricts the limitation claimant to his inclosures, thereby casting upon him the burden of pleading and proving the description of the land within his inclosures. Lee v. Kirby (Tex. Civ. App.) 277 S. W. 225, 226; York v. Thompson Lbr. Co. (Tex. Civ. App.) 169 S. W. 187; Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209; Houston Oil Co. v. Holland (Tex. Com. App.) 222 S. W. 546; Wiley v. Bargman (Tex. Civ. App.) 90 S. W. 1116. On this proposition this court said in Lee v. Kirby, supra: "If appellant had an adverse claim against any particular portion of the land in controversy, it could not have extended beyond his actual inclosures, since appellees were in possession of all the land not in the actual possession of appellant. Neither by pleading nor proof does he seek to identify any particular portion of the land in controversy. Therefore, whatever may be the effect of his testimony on the issue of limitation as to the little holdings he may have held and occupied, the court was without authority to give him relief. York v. Thompson Lbr. Co. (Tex. Civ. App.) 169 S. W. 187; Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209; Houston Oil Co. v. Holland (Tex. Com. App.) 222 S. W. 546; Wiley v. Bargman (Tex. Civ. App.) 90 S. W. 1116; Combes v. Stringer, 106 Tex. 427, 167 S. W. 217."

Since appellants neither pleaded nor proved the description of the land held by them under cultivation, there was no basis for a judgment in their behalf for any part of the land in controversy. Therefore the court correctly rendered judgment in favor of appellee for all the land sued for.

Appellants would sustain their proposition by certain argumentative conclusions of the Commission of Appeals in Gibbs v. Lester, 41 S.W.(2d) 28, 30, "that the entry of the true owner upon the land does not disturb the actual possession of the claimant, except that entry be manifested by the filing of an adverse suit in a court of competent jurisdiction against the claimant." In Gibbs v. Lester the court was discussing the effect of an adverse suit, and everything said in that case must be construed as relating to the facts of the case. Gibbs v. Lester is in no way in point on any issue presented by this appeal.

For the reasons stated, the judgment of the lower court is in all things affirmed.